**NORTH HAVEN PLANNING AND ZON-
ING COMMISSION, and Scott
Schatzlein, Plaintiffs–Appellees,**

v.

**UPJOHN COMPANY,
Defendant–Appellant.**

**No. 598, Docket 90–7638.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 10, 1990.

Decided Dec. 14, 1990.

Brian J. Casey (S. Robert Jelley, William J. Doyle, Wiggin & Dana, New Haven, Conn., on the brief), for defendant-appellant.

Robert K. Ciulla (Charles R. Andres, Tyler Cooper & Alcorn, New Haven, Conn., on the brief), for plaintiffs-appellees.

Before KEARSE, PIERCE, and MINER, Circuit Judges.

PER CURIAM:

Defendant Upjohn Company ("Upjohn") appeals from a final judgment of the United States District Court for the District of Connecticut, T.F. Gilroy Daly, *Judge*, enjoining Upjohn from implementing its present plan for "capping" a 4.25–acre, 40–foot–high pile of chemical waste on its property in the Town of North Haven, Connecticut ("Town"), until such time as Upjohn has obtained the necessary permits from plaintiff North Haven Planning & Zoning Commission. The district court ruled that the Town's zoning regulations were not preempted by the Federal Resource Conservation Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.* (1988), or by prior actions of the United States Environmental Protection Agency ("EPA") and the Connecticut Department of Environmental Protection ("DEP") in approving Upjohn's current plan. On appeal, Upjohn contends principally that the district court erred in concluding that RCRA does not preempt the Town's zoning regulations and in abstaining from deciding, *inter alia,* whether the Town's regulations are in fact violated. We have considered all of Upjohn's arguments on this appeal and have found them to be without merit.

RCRA provides that "[n]othing in this chapter shall be construed to prohibit any State or political subdivision thereof from imposing any requirements, including those for site selection, which are more stringent than those imposed by [the] regulations [passed pursuant to this chapter]." 42 U.S.C. § 6929. In addition, the approval given by EPA and DEP to Upjohn's plan to

cap its sludge pile stated that the approval did not relieve Upjohn from its obligation "to obtain any other authorizations [that] may be required by other provisions of the Connecticut General Statutes"; local zoning codes are authorized by Conn.Gen.Stat. Ann. §§ 8–1 and 8–2. Consistent with the view that the approval was thus not intended to preempt local zoning regulations, EPA and DEP responded to public comments and questions by stating that if the Connecticut courts upheld a ruling that Upjohn's current plan would violate zoning regulations, Upjohn would have to submit to EPA and DEP a new plan for review and approval.

Accordingly, we see no error in the rulings of the district court that federal law and regulatory actions have not preempted the Town's zoning regulations. Nor do we see any abuse of discretion in the court's decision to abstain from deciding what are essentially state-law questions. In sum, we affirm the judgment substantially for the reasons stated in the Memorandum of Decision of Judge Daly dated May 31, 1990, published at 753 F.Supp. 423 (1990).

The judgment of the district court is affirmed.