[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal of the approval of the Special Permit and Site Plan by the Planning and Zoning Commission of the Town of Westport for private cemetery burial plots on the same lot as and adjacent to a private residence owned by a trust. The approvals would allow the defendants-applicants to create a private cemetery upon a 16.4 acre parcel of real property known as 21 North Sylvan Road in the Town of Westport to provide a burial site for the remains of the applicant's deceased parents.
The issue is whether the plaintiff's appeal of the defendant planning commission's decision approving a special permit requested by the defendants-applicants pursuant to 11-2.2.5 of the Westport Zoning Regulations should be sustained, on the ground that the defendant planning commission acted illegally, arbitrarily and in abuse of its discretion in one or more of the following ways.
 (1) by approving the Bernhard's special permit application pursuant to 11-2.2 of the Westport Zoning Regulations, "Special Permit Uses;"
 (2) by allowing an accessory use pursuant to 11-2.2.5 of the Westport Zoning Regulations;
 (3) by failing to require an application for a variance before approving the use;
 (4) by attaching conditions to its approval of the special permit application;
 (5) by failing to receive an archeological report as required by 44-2.7 of the zoning CT Page 8877 regulations; by failing to consider the width, grade, and alignment of entrances and exits of an easement providing access to the burial plots, in violation of 44-5.2(b); by failing to consider visibility lines as required by 44-5.2(d) and 34-9.2.3; by failing to require a final landscape plan; and by failing to require that the existing conditions map show all information required by 44-1.3 of the zoning regulations.
The court concludes that the plaintiff's appeal should be sustained on grounds that the Commission failed to receive all documentation required by 44-1, et seq. of the Westport Zoning Regulations.
FACTS
On October 23, 1991, the plaintiff, PRW Associates, filed this appeal pursuant to General Statutes 8-8. The appeal alleges that the defendant, Westport Planning and Zoning Commission ("Commission"), violated the Westport Zoning Regulations when it approved a special permit and site plan application filed by the defendants-applicants, Janet K. Bernhard, Arnold Van Hoven Bernhard, Jean Bernhard Buttner, and Janet K. Bernhard ("Bernhards").
The plaintiff alleges that the Bernhards' are owners of land located at 21 Sylvan Road North, Westport, Connecticut, and that on July 16, 1991, they submitted an application for a special permit pursuant to General Statutes 11-2.2.5, requesting permission to establish a burial ground on the premises. The plaintiff also alleges that on September 23, 1991, the defendant Commission held a public hearing and approved the Bernhards' application subject to conditions.
The record indicates that notice of the Commission's decision was published on October 2, 1991, and the court finds that on October 16, 1991, the plaintiff's appeal was served upon each of the named defendants and the town clerk for the Town of Westport. See Complaint, "Sheriff's Return" and ROR, CT Page 8878 Item #15.
The court concludes, therefore, that this appeal is timely pursuant to the fifteen day appeal period mandated by General Statutes 8-8(b).
The plaintiff claims to be statutorily aggrieved pursuant to General Statutes 8-8(a)(1) and has established ownership of property abutting the premises subject to this appeal. See Plaintiff's Exhibit A, "Warranty Deed." See also Pierce v. Zoning Board of Appeals, 7 Conn. App. 632, 636, 509 A.2d 1085
(1986) (affirming right of abutting landowner to take appeal pursuant to General Statutes 8-8(a)). The court concludes that the plaintiff is aggrieved for purposes of this appeal.
Scope of Review
It is a well settled principle that planning and zoning commissions are afforded wide discretion in the implementation and interpretation of local zoning laws, and thus, "a court may not substitute its judgment for a that of the commission . . . if it concludes that any one of . . . the reasons submitted by the commission for its action is reasonably supported by the record. . . ." Friedman v. Planning and Zoning Commission,222 Conn. 262, 268, ___ A.2d ___ (1992). See also Protect Hamden/North Haven v. Planning and Zoning Commission, 220 Conn. 527,542-43, 600 A.2d 757 (1991), quoting Primerica v. Planning Zoning Commission, 211 Conn. 85, 96 558 A.2d 646 (1989) ("`conclusions reached by the commission must be upheld . . . if they are reasonably supported by the record'").
In the absence of any illegality, arbitrariness, or abuse of discretion in the decision reached by the zoning authority, the court must affirm the decision.
Pleasant View Farms Development, Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269, 588 A.2d 1372 (1991); Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 573,217 A.2d 444 (1988). Thus, "`the question [on appeal] . . . is simply whether the reasons assigned [for the action] are reasonably supported by the record and whether they are pertinent to the considerations which the commission is required to apply under the zoning regulations.'" Friedman v. Planning Zoning Commission, supra, quoting Zieky v. Town Planning Zoning Commission, 151 Conn. 265, 267-68, 196 A.2d 758 (1963). CT Page 8879
In the present appeal, the plaintiff alleges that the Commission's decision to approve the Bernhards' application was illegal, arbitrary, and an abuse of discretion, in that the approval violates various sections of the Westport Zoning Regulations. The defendants contend, however, that the authority of the Commission granted by the enabling legislation of General Statutes 8-2 and the Westport Zoning Regulations includes the discretion to approve applications for burial site permits, and the Commission's decision was therefore proper.
As the plaintiff has raised a number of different arguments on appeal, the following analysis addresses each argument separately.
 I. Whether the Commission abused its discretion or acted illegally by approving the Bernhards; application pursuant to Westport Zoning Regulation 11-2.2, "Special Permit Uses."
Section 11-2.2 of the Westport Zoning Regulations provides, in relevant part:
 The following uses are permitted subject to Special Permit and Site Plan Approval in accordance with Section 43, herein: . . . 11-2.2.5 Cemeteries and Crematories. . . .
The plaintiff argues that since 11-2.2 does not specifically refer to "private burial grounds as a permissible use, the Commission acted illegally by approving the Bernhards' special permit application for a private burial ground. The plaintiff also contends that the meaning of "cemeteries" in 11-2.2.5 does not encompass private burial grounds. The plaintiff points to General Statutes 19a-295 and 19a-313, which distinguish commercial "cemeteries" from "private burial grounds," and argues that if the local zoning authorities had intended to include the creation of private burial grounds as a permissible use under 11-2.2., the drafters of the ordinance would have explicitly referred to such a use.
Although the general principle exists that "when a zoning regulation lists various uses. . . and omits others, [the CT Page 8880 regulation] is construed as prohibiting the uses not listed," Gordon v. Zoning Board, 145 Conn. 597, 604, 145 A.2d 746
(1958), in the present case the question is whether private burial grounds may properly be considered "cemeteries" within the meaning of 11-2.2.5. The defendants argue that statutory definitions are not automatically codified into municipal zoning regulations and further, nothing in the language of General Statutes 19a-295 and 19a-313 restricts the authority of a municipality to permit private cemeteries pursuant to local zoning regulations.
General Statutes 19a-295 states that "[c]emeteries may be acquired, owned . . . managed and controlled by towns and ecclesiastical societies, and by cemetery associations, . . . and by no other persons, firms or corporations. (Emphasis added.) General Statutes 19a-313 further provides:
 No person shall be buried . . . in any burying ground, or in any . . . structure . . . unless such burying ground or structure is located within the confines of an established cemetery which is owned, managed or controlled by a municipality . . ., or a private burying ground or structure approved by the Department of Health Services. (Emphasis added.)
The defendants argue that General Statutes 19a-313 merely requires approval from the Department of Health as a precondition to the creation of private burial grounds, and further, the restriction on ownership of cemeteries mandated by General Statutes 19a-295 applies only a public burial grounds. The defendants contend that since the Bernhards' complied with General Statutes 19a-313 by receiving approval from the State Department of Health, the Commission had authority to approve the Bernhards' special permit application subject to the conditions imposed by the Westport Zoning Regulations.
The meaning of the word "cemeteries" in 11-2.2.5 of the Westport Zoning Regulations depends upon the same general principles of interpretation that apply in the context of statutory construction. See Kaeser v. Zoning Board of Appeals,218 Conn. 438, 443, 589 A.2d 1229 (1991) ("municipal ordinance `is subject to the same canons of construction as are applied CT Page 8881 to state statutes'"); Schwartz v. Planning Zoning Commission,208 Conn. 146, 153, 543 A.2d 1339 (1988) ("regulations must be interpreted in accordance with the ordinary rule[s] of statutory construction. . . .") Baron v. Planning and Zoning Commission, 22 Conn. App. 255, 256-57, 576 A.2d 589 (1990) ("principles of statutory construction are available" to interpret ambiguous regulations). Thus, "regulations must be strictly construed and not extended by implication . . . . [and] where the language. . . is clear and unambiguous, courts cannot by construction read into the [regulation] provisions which are not clearly stated." Schwartz, supra, 153.
Although a planning and zoning commission is afforded wide discretion in determining the applicability of particular zoning regulations, "`the trial court . . . [must] decide whether the [commission] correctly interpreted the section of the regulations and applied it with reasonable discretion to the facts.'" Id., 152 quoting Toffolon v. Zoning Board of Appeals, 257. See also R. Anderson, American Law of Zoning 21.8, at 709-10 (3d ed. 1986) ("the meaning which is attributed to the ordinance by an administrative board charged with its enforcement is entitled to respect"). In deciding the reasonableness of the commission's action, "`[c]ourts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their action.'" Frito-Lay Inc., supra, 573 quoting Silver Lane Pickle Co. v. Zoning Board of Appeals,143 Conn. 316, 319, (1956).
The court concludes that the word "cemetery" in 11-2.2.5 should be interpreted in accordance with the underlying public policy the regulation is designed to promote. See Carbone v. Vigliotti, 222 Conn. 216 231, ___ A.2d ___ (1992) (construction of regulation provision should be consistent with "the text of that provision . . . [and] the policy it is intended to effectuate"); Clark v. Planning and Zoning Commission,152 Conn. 559, 561, 210 A.2d 320 (1965) ("what [a] word means in any given situation depends upon the context and the purpose of the . . . ordinance in which it occurs"). Moreover, in determining whether the Commission's interpretation of11-2.2.5 is inconsistent with General Statutes 19a-295, et seq., the court must "revie[w] the policy and purposes behind the statute and measur[e] the degree to which the ordinance frustrates the achievement of the state's objectives." Shelton v. Commissioner, 193 Conn. 506, 517, 479 A.2d 208 (1984). See CT Page 8882 also P.X. Restaurant, Inc. v. Windsor, 189 Conn. 153, 159-60,454 A.2d 1258 (1983) (intended scope of statutory provision is determined by the harm "it was designed to remedy and the policy underlying it").
The court concludes that no conflict exists between the provisions of General Statutes 19a-295 et seq., and 11-2.2.5 of the Westport Zoning Regulations. The mere fact that "a statute regulates the same subject . . . does not deprive the local government of the power to act in a more comprehensive, but not inconsistent manner." Id., 161. See also Shelton, supra, 517 ("a local ordinance is preempted by a state statute whenever the legislature has demonstrated an intent to occupy the entire field of regulation on the matter"). Connecticut General Statutes 19a-310 specifically provides for the construction of burial sites in cemeteries containing less than five acres and states that "in any town . . . having a zoning commission or combined planning and zoning commission, such commission shall have the authority to grant [approval for such burial sites]."
The statutory section also exempts burial sites "located on the premises of any religious society or corporation" from the zoning approval requirements listed therein.
General Statutes 19a-310(2). Accordingly, the court concludes that General Statutes 19a-310 explicitly delegates to local planning zoning commissions the authority to regulate burial sites in cemeteries containing less than five acres which are not located on premises owned by a religious society of corporation and that since General Statutes 19a-295, et seq. does not explicitly prohibit the authority of local planning and zoning commissions to regulate and permit the creation of private burial sites, the statute did not preempt the Commission's authority in the present case to interpret and apply the Westport Zoning Regulations where such regulations reasonably are deemed to be applicable to local burial procedures.
The Record indicates that the Commission interpreted the word "cemetery" in 11-2.2.5 of the Westport Zoning Regulations broadly, to include any cemetery, whether public or private in nature (See ROR, Items #12, #15, and #16 at 2-3, 4-5). The court finds that the Bernhards' received approval from the State Department of Health in connection with their special permit application, as required by General Statutes 19a-313. CT Page 8883 (See ROR, Item #1, letter from the State Dept. of Health approving the Bernhards' burial plan "[i]n accordance with19a-313 of the Connecticut General Statutes.")
Finally, the Commission heard the testimony of Judith Nelson, Director of the Westport/Weston Health District:
 Although this [application for a private cemetery] may not be a common occurrence in Westport, Connecticut, this is a common occurrence in the State of Connecticut. When I was approached by the family over a year ago about the possibility of a private cemetery on this site, I contacted the State Health Department. There really is a very straight forward series of conditions that they [Health Department officials] overlay onto anyone requesting a private cemetery . . . And from all aspects of public health, I would certainly support this application.
(ROR, Item #16 at 4-5 (Emphasis added.))
Based upon the foregoing evidence, the court concludes that the Commission could reasonably determine that 11-2.2.5 of the Westport Zoning Regulations authorizes the creation of private cemeteries as a special permit use, and this interpretation does not act to contradict the statutory regulatory scheme set forth under General Statutes 19a-295, et. seq. The purpose of General Statutes 19a-295 is to restrict the ownership and management of public cemeteries, but the legislature did not intend to make such restrictions applicable to smaller private cemeteries which conform to the requirements set forth under General Statutes 19a-310. See 14 Am.Jur.2d, "Cemeteries" 2 at 699-701 (defining distinction between "public" and "private" cemeteries as one based on ownership and access); CJS Words and Phrases, "Cemetery," pp. 21-23 (citing various cases that broadly define "cemetery" as "a place set apart for burial of the dead").
In the absence of any evidence that the Commission's interpretation of the regulation is arbitrary, illegal, or an CT Page 8884 abuse of discretion, it is not the role of this court to substitute a different meaning for the regulation than that which the Commission derived. For the foregoing reason the court concludes that the Commission had authority to issue a special permit to the Bernhards' pursuant to "11-2.2.5 of the Westport Zoning Regulations and General Statutes 19a-310. Therefore the plaintiff's appeal should not be sustained on this ground.
 II. Whether an accessory use is permitted pursuant to 11-2.2.5 of the Westport Zoning Regulations.
The plaintiff argues that since the sole use of the Bernhards' property constitutes a single-family residence, the Commission acted illegally and in abuse of its discretion by approving the Bernhards' special permit application for a "cemetery." The plaintiff contends that 11-2.2.5 of the Westport Zoning Regulations requires that special permits be issued only when the use applied for qualifies as the sole use of the property. See Plaintiff's Brief, pp. 13-16.
The defendants respond, however, that the zoning regulations do not restrict the authority of the Commission to approve special permits for multiple uses of land. Rather, the defendants argue, 11-2 of the Westport Zoning Regulations demonstrates an intent to allow the issuance of special permits where the primary residential purpose of the land is combined with a secondary purpose, such as a private burial ground.
Both parties agree that the Bernhards' property is located in the AAA Zoning District in Westport. Section 11 of the Westport Zoning Regulations sets forth the regulations governing land use in the AAA District. Section 11-1 defines the purpose of these regulations as follows:
 The purpose . . . is to allow single-family residences on a minimum two acre lot. The AAA District provisions are intended to encourage very low density development for primarily residential and related purposes . . .
CT Page 8885 Section 11-2 provides that permitted "principal" land uses in the AAA District include "single-family dwelling[s]," but 11-2
also acknowledges the right of landowners to conduct more than one use on the same tract of land by allowing "Permitted Uses . . . Special Permit Uses . . . [and] Permitted Accessory . . . Uses . . ." Westport Zoning Regulations, 11-2,11-2.1.1 (Emphasis added). The validity of the Bernhards' special permit depends upon whether the cemetery can be considered an accessory use as defined by the zoning regulations.
Section 11-2.4 of the Westport Zoning Regulations defines "Permitted Accessory Buildings, Structures Uses." Pursuant to 11-2.4.8, permitted accessory uses include ". . . buildings, structures and uses not listed above, accessory to a permitted principal use, provided that:
 (a) The accessory building or structure shall not exceed 300 square feet of gross floor area.
 (b) The accessory building or structure shall not exceed one (1) story or 16 feet in height, whichever is less; except for barns identified in Section 11-2.4.7 above.
 (c) Ground mounted solar panels shall not exceed 16 feet in height and shall be fully screened from any adjacent property line and street line at all times.
 (d) Ground mounted satellite dishes or disc type antenna shall not exceed 16 feet in height and shall be fully screened from any adjacent property line and street line at all times. Roof top satellite dishes and roof top disc type antenna are prohibited.
 (e) No accessory building or structure shall be occupied or used as a CT Page 8886 rooming unit or a dwelling unit."
Westport Zoning Regulations, 11-2.4.8. The court concludes the cemetery approved pursuant to the Bernhards' special permit application complies with the foregoing requirements and it therefore constitutes a valid accessory use pursuant to 11-2.
The regulatory scheme provided by 11 of the zoning regulations evidences an intent to allow specific secondary uses, even by way of special permit, on land that is used primarily for residential purposes. See Lauer v. Zoning Commission, 220 Conn. 455, 468, 600 A.2d 310 (1991) (affirming the power of local zoning regulations to "recognize a residence as a use accessory to . . . permitted special uses.") Nothing in the language of 11 prohibits the Commission from approving a special permit for a private burial ground on land that is used principally as a single-family dwelling site. The court concludes therefore that the Commission did not act illegally or in abuse of its discretion by approving the Bernhards' special permit application, and the plaintiff's appeal should not be sustained on this ground.
 III. Whether the Commission acted illegally by failing to require a variance before approving the Bernhards' special permit.
Although the plaintiff raises this argument in its appeal, the plaintiff has not addressed this issue in its brief, nor did it raise the issue at oral argument. Where an issue is not briefed or argued on appeal, the issue is presumed to be abandoned and the court will not consider it. See Mather v. Griffin Hospital 207 Conn. 125, 129 n. 2, 540 A.2d 666
(1988); State v. Martin, 195 Conn. 166, 167, n. 1 487 A.2d 177
(1985); DeMilo v. West Haven, 189 Conn. 671, 682 n. 8458 A.2d 362 (1983).
The plaintiff's second argument concerning the alleged variance requirement is abandoned and will not be considered by this court.
 IV. Whether the Commission acted illegally, arbitrarily or in abuse of its discretion by attaching conditions CT Page 8887 to its approval of the Bernhards' special permit application.
The plaintiff argues that certain conditions of approval imposed by the Commission when it granted the Bernhards' special permit application render the Commission's decision void, because such conditions violate the exclusive jurisdiction of the Department of Health Services and the Westport Zoning Regulations do not authorize the conditions. The defendants, however, contend that the conditions are valid, since they reasonably relate to rational public interests promoted by the zoning regulations, and further, the Department of Health Services is not vested with exclusive jurisdiction to regulate the creation and maintenance of cemeteries. The defendants also contend that the plaintiff association lacks standing to challenge the efficacy of the conditions, citing Pierce v. Zoning Board of Appeals, supra, 636.
As to the defendants' argument that the plaintiff lacks standing to contest the validity of the conditions, it is the conclusion of the court that the defendants are mistaken.
In Pierce, supra, the court specifically acknowledged the right of abutting landowners to appeal pursuant to General Statutes8-8(a), and such "statutory aggrievement" exempts a party from the requirements of "classical aggrievement." Pierce, supra, specifically states that "[o]ther persons [i.e., those not statutorily aggrieved pursuant to General Statutes 8-8(a)] may be found to be aggrieved if they `successfully demonstrate a specific, personal and legal interest in the subject matter of the decision.'" Id.(Emphasis added.)
Since the plaintiff has proved statutory aggrievement, the plaintiff need not demonstrate classical aggrievement and, therefore, the plaintiff has standing to challenge the conditions attached to the Commission's approval.
The plaintiff contends that "the doctrine of preemption . . . applies to prohibit regulation by a zoning commission of the precise matters dealt with by a state health authority," and cites Shelton v. Commissioner, supra, 517. See Plaintiff's Brief at p. 11. The plaintiff argues, therefore, that the Commission acted illegally by imposing conditions on the Bernhards' special permit which infringe upon the exclusive jurisdiction of the Department of Health Services. CT Page 8888 Specifically, the plaintiff challenges the following condition: "[c]onformance to the conditions contained in the Approval by the Department of Health Services, State of Connecticut, dated June 6, 1991." See ROR, Item #13 "Resolution #91-74," para. 2
The plaintiff's reliance on Shelton v. Commissioner, supra, is misplaced. Shelton, supra, 517, stated that "`[a] local ordinance is preempted by a state statute whenever the legislature has demonstrated an intent to occupy the entire field of regulation on the matter or, . . . whenever the local ordinance irreconcilably conflicts with the statute.'" Id., quoting Dwyer v. Farrell, 193 Conn. 7, 14, 475 A.2d 257 (1984) (Emphasis added.) In Beacon Falls v. Posick, 212 Conn. 570,577-79, 563 A.2d 285 (1989), the court noted that in Shelton, supra, the factors determining preemption were that the legislature had enacted a statutory provision that "`eliminat[ed] the express zoning authority conferred by22a-208(c) . . . [and] the general zoning authority conferred by [General Statutes] 8-2 does not extend to the enactment of zoning regulations that conflict with a DEP permit.'" Beacon Falls, supra 579, quoting Shelton, supra 517.
In the present case, in contrast to Shelton, supra the legislature has enacted a statutory provision that directly authorizes local municipalities to regulate burial grounds which receive approval from the Department of Health Services. See General Statutes 19a-310, 313. Pursuant to General Statutes 8-2, local zoning commissions are authorized to promulgate and enforce regulations "necessary to protect the public health, safety, convenience and property values."
See Housatonic Terminal Corporation v. Planning and Zoning Board, 168 Conn. 304, 307, 362 A.2d 893 (1975), quoting A.P. 
W. Holding Corporation v. Planning and Zoning Board, 167 Conn. 182,185, 355 A.2d 91 (1974) (discussing special permits and affirming the broad regulatory authority entrusted to local zoning commissions pursuant to General Statutes 8-2).
In the absence of any express statutory enactment limiting the Commission's power to regulate pursuant to General Statutes8-2, local zoning regulations are presumed valid unless they conflict with existing statutory regulatory provisions. See North Haven Planning Zoning Commission v. Upjohn Co.,921 F.2d 27, 27-28 (2nd Cir. 1990) (discussing preemption and the power of local zoning commissions to regulate pursuant to CT Page 8889 General Statutes 8-2); P.X. Restaurant, Inc., supra, 160-61 ("[w]here the legislature has delegated to the local government the power to . . . [zone], the fact that a statute regulates the same subject . . . does not . . . deprive the local government of the power to act in a more comprehensive, but not inconsistent manner.").
Far from altering the regulatory standards provided by the Department of Health Services and General Statutes 19a-295, et seq., the contested conditions imposed by the Commission in its approval of the Bernhards' special permit application merely affirm those regulatory standards by requiring that the Bernhards' comply with all applicable statutory guidelines.
The court concludes that the conditions do not conflict with the regulatory power of the Department of Health Services, and the plaintiff's appeal should not be sustained on this ground.
 V. Whether the Commission acted illegally, arbitrarily, or in abuse of its discretion by failing to receive an archeological report, by failing to consider the width, grade, and alignment of entrances and exists of an access easement, by failing to consider visibility lines, by failing to require a final landscape plan, and by failing to require that the existing conditions map show all information required by 44-1.3 of the Westport Zoning Regulations.
The plaintiff contends that the Commission failed to receive various evidentiary documentation that is required pursuant to44-1, et seq., and as a result, the Commission's decision to approve the Bernhards' special permit and site plan application is void. The defendants argue, however, that the Commission is vested with broad discretion in interpreting the applicability its zoning regulations, and in the present case, the Commission had the discretion to determine that particular documents were not relevant to or necessary for the approval of the Bernhard's application.
Section 44 of the Westport Zoning Regulations governs documentation requirements for special permit and site plan CT Page 8890 applications. Section 44-1 provides: "For all uses requiring a Special Permit or Site Plan, a complete application shall be submitted . . . with . . . the following information. . . ." Various documentary evidence is required pursuant to 44-1, including items which the plaintiff contends the Commission improperly failed to consider in the present case. See Westport Zoning Regulations, 44-1.3, 44-1.4.1, 44-2.7, 44-3, 44-5.2(d) (requiring an "existing conditions map," a "site plan map", an archeological report," a "final landscape plan" and evidence pertaining to visibility lines). Where a particular documentary requirement is deemed by the Planning and Zoning Director to be unnecessary, the Director may waive the requirement in accordance with 44-4. Westport Zoning Regulations, 44-1, "Documents".
The plaintiff argues that only the Planning and Zoning Director, not the Planning and Zoning Commission, has the authority to waive the requirements of 44-1. The plaintiff therefore contends that since the Planning and Zoning Director did not waive the documentary requirements in this case, the Commission acted illegally by waiving the requirements on its own initiative. The scope of authority granted to local planning and zoning commissions derives from applicable statutory provisions set forth under General Statutes 8-1 et seq., the town charger, and the local zoning regulations which govern the particular land use. See Essex Leasing, Inc., v. Zoning Board of Appeals, 206 Conn. 595, 603-04, 539 A.2d 101
(1988) (zoning authority "may `exercise only such powers as are expressly granted . . . or such powers as are necessary to enable it to discharge [its] duties.'" (Citation omitted.))
The Westport Zoning Regulations require the Commission to consider particular documentation in conjunction with special permit and site plan approvals, and the Commission may not modify these requirements in the absence of specific regulatory provisions that authorize such modification. See Barberino Realty Development Corp. v. Planning and Zoning Commission,222 Conn. 607, 613-14, ___ A.2d ___ (1992) ("a site plan is `a general term . . . to denote a plan for the proposed use of a particular use of a particular site, purporting to indicate all the information required by the regulations for that use.'" (Emphasis added.) (Citation omitted.)); Housatonic Terminal Corporation v. Planning and Zoning Board, 168 Conn. 304, 307,362 A.2d 1375 (1975) (Zoning "`board's function is to determine whether the applicant's proposed use is expressly permitted CT Page 8891 under the regulations, and whether the standards set forth in the regulation . . . are statisfied.'" (Emphasis added.) (Citation omitted.)); Baron v. Planning and Zoning Commission, 22 Conn. App. 255,256, 576 A.2d 589 (1990) ("the commission may not put an interpretive gloss on regulations that are clear and unambiguous.")
The defendants-applicants suggests that the court has the power to modify the approval ". . . to add a condition that a letter indicating such sentiment be added to the Record." This court takes the contrary view and concludes that is scope of review is limited to sustaining the appeal. Bogue v. Zoning Board of Appeals, 165 Conn. 749 (1974); Persico v. Maher,191 Conn. 384 (1983).
The court concludes that the Commission does not have the authority to usurp the Planning and Zoning Director's power under 44-1 to waive documentary requirements relating to special permit and site plan applications. The court therefore concludes that this appeal should be sustained on this ground.
The appeal is sustained.
LEONARD M. COCCO, JUDGE