IVOR B. CLARK, JR., ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF WESTPORT ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued March 2—decided May 5, 1965

*Robert A. Slavitt,* with whom, on the brief, was *Abraham D. Slavitt,* for the appellants (plaintiffs).

*John H. Mountain,* for the appellee (defendant Famous Artists Schools, Inc.).

*Edgar T. See,* for the appellee (named defendant).

COMLEY, J. In this case, the plaintiffs are contesting the granting by the planning and zoning commission of Westport of a special permit to Famous Artists Schools, Inc., hereinafter called the applicant, to operate, together with certain affiliated companies, a correspondence school giving instruction in the graphic arts, photography and writing. To carry on these activities the applicant proposes to purchase a tract of land, 20.79 acres in area, in a residence AAA zone and to erect a group of buildings thereon. This zone is the highest residence zone classification in Westport and is restricted to single residences on lots having a minimum of two acres except that special permits may be issued for "private schools and accessory recreation areas and facilities." Westport Zoning Regs., c. 3, § 1 (1958 as amended).

Since 1948, the applicant has conducted a correspondence school in Westport at another location near

the Boston Post Road. There are more than 50,000 students enrolled in the several courses. They are from all of our states and fifty-four foreign countries. None of them attends any classes in Westport, all of the teaching being done by means of home study. There are approximately 330 employees, of whom 57 are instructors. The applicant is a corporation operated for profit. Its stock is listed on the American Stock Exchange, and it presently does an annual gross business of $8,500,000. The Court of Common Pleas dismissed the plaintiffs' appeal, and they have now appealed to this court.

The issue before us is a narrow one. It involves but one question: Does the applicant operate a "private school?" That it is "private" goes without saying. It is operated as a business venture for the profit of its stockholders and is in no sense maintained by the public. Is it a "school?" That is a more difficult question. "School" has many definitions. Webster's New International Dictionary (2d Ed.) lists twenty of them. "School" may mean the building or physical plant in which it is conducted, or it may refer to something entirely intangible, such as a "school" of thought. What the word means in any given situation depends upon the context and the purpose of the statute or ordinance in which it occurs. *Langbein* v. *Board of Zoning Appeals,* 135 Conn. 575, 581, 67 A.2d 5; *State* v. *Gager,* 28 Conn. 232, 235; *American Asylum* v. *Phoenix Bank,* 4 Conn. 172, 177.

Here, we are dealing with a particular zoning ordinance adopted by the town of Westport. Reading the Westport zoning regulations as a whole and considering what the record discloses concerning their history and development, we do not believe that it can be properly said that the proposed use

of this property comes within the meaning of "private school" as that term is used in the regulations. Since March 23, 1956, among the uses permitted in restricted business districts are "schools for business, art, languages, etc." Westport Zoning Regs., c. 4 (7) (A) (1958 as amended). This description closely fits the activities of the applicant, which is now located in a restricted business district, and is a strong indication that, when the term "private school" was used in connection with residence AAA zones, something radically different was intended.

It is our conclusion that the term "private school" as used in chapter 3, § 1 (A) (4) of the Westport zoning regulations means a school operated by private interests as a substitute for, and giving the equivalent of, the instruction required in the public schools operated by municipalities under the provisions of chapter 164 of the General Statutes. This interpretation is fortified by the fact that the regulation in question permits "accessory recreation areas and facilities," which would hardly be appropriate appurtenances in a correspondence school. See *Wadsworth* v. *Board of Adjustment,* 11 N.J. Super. 502, 505, 78 A.2d 619; *Commonwealth* v. *Connecticut Valley Street Ry. Co.,* 196 Mass. 309, 312, 82 N.E. 19.

We do not mean to imply that the applicant is not entitled to use the descriptive title of "school", nor do we mean in the slightest degree to intimate that its instruction is not of the highest quality. What we do mean is that when the zoning regulations of Westport were amended to permit the use of land in a residential zone for a "private school", it was not intended that an institution conducting its instruction by correspondence should qualify for a permit.

Much of the finding is devoted to a description

of the proposed development as a quiet and orderly activity in a high-class residential community. That, of course, may all be true, but it is beside the point. The question, and the only question, is whether the applicant is a "private school" within the meaning of the zoning regulations.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.