KATHERINE L. ARMSTRONG *v.* ZONING BOARD OF APPEALS OF THE TOWN OF WASHINGTON ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued March 4—decided April 15, 1969

*John S. McGeeney,* with whom were *James M. Barton* and, on the brief, *George F. Lowman* and *John F. Spindler,* for the appellant (plaintiff).

*George C. Hastings,* with whom was *Michael P. Malley,* for the appellee (named defendant).

*Walter M. Pickett, Jr.,* for the appellee (defendant Devereux Foundation).

HOUSE, J. The Devereux Foundation was granted a charter by the commonwealth of Pennsylvania in 1938. It was formed "for the purpose of studying, treating, engaging in and carrying on research and educational work in connection with functional and nervous disorders and for the educating, developing and advancing of boys and girls of any age under required direction in addition to their intellectual and vocational needs along psychological and psychiatric lines, without profit, and in furtherance of these purposes and objects to secure contributions and maintain endowments for scholarships." It operates the largest, private, nonprofit residential treatment center for emotionally disturbed and mentally retarded children in the United States and operates twenty-two residential treatment centers in Pennsylvania and branches in California and Texas, as well as therapeutic summer camps in those three states and in Maine for emotionally disturbed and mentally retarded children and for mentally retarded adults.

In 1965, Mrs. Annie Jean Van Sinderen, who owned a large estate in Washington, Connecticut, known as "Glenholme," conveyed to Devereux forty-one acres of this estate, including the main house, and at the same time agreed to leave the remainder of the estate to the Foundation by her will. By agreement and by express provision in the deed of conveyance the property, to be known as the "Glenholme Unit" of Devereux, was made subject to

specific covenants and restrictions enforceable at any time not only by the donor during her life and thereafter by her surviving children but also by the town of Washington.[1]

"Glenholme" is situated in an area of Washington within a farming and residence district zone which, in addition to residential and farming uses, also permits property to be used for schools as well as such uses as nursing homes, private hospitals for convalescents or the chronically ill, homes for the aged, hotels, inns, boardinghouses, tearooms, public museums and libraries and community houses. Washington Zoning Regs. § 3 (1962).

Section 12 of the Washington zoning regulations contains the following provision: "Enforcement: No building or structure shall be erected or used and no premises shall be used without first obtaining from the Zoning Commission or its duly authorized agent a permit or certificate stating that the proposed building or structure and proposed use are in conformity with these regulations. A copy of such permit or certificate shall be retained by the Commission for public inspection by anyone interested.

---

[1] "1. The School at Glenholme will be designed for the education of children with mild emotional disturbances and will utilize tutoring, remedial educational and rehabilitative techniques.

"2. No children diagnosed as psychotic, insane, mentally retarded, delinquent, or who exhibit serious emotional problems, will be enrolled in the Glenholme Unit.

"3. The Unit will be limited to pre-adolescent and early adolescent children. No children will be enrolled after they have passed their fifteenth birthday.

"4. All state and local regulations regarding safety and other matters relating to private school operation will be observed.

"5. Student population in Washington will not exceed 125 children or three percent of the population of the Town of Washington based upon the Connecticut Register and Manual or such other official census figures as may be maintained either by the State of Connecticut or the United States Government, whichever is greater."

These regulations shall be enforced by the Zoning Commission or its duly authorized agent in accordance with the Connecticut General Statutes." Another section of the regulations provides that, in addition to other powers and duties, the board of appeals shall "[h]ear and decide appeals where it is alleged there is error in any order, requirement, or decision made by the Zoning Commission or any officer charged with the enforcement of these regulations." § 10.

Upon receipt of the deed to "Glenholme," Devereux wrote to the Washington zoning commission, informed the commission that Mrs. Van Sinderen had transferred the property to the Foundation and, as owner of the property, applied "for permission to occupy Glenholme, in accordance with the Zoning Regulations of the Town of Washington, for school and education purposes" and asked that a certificate be issued indicating that the proposed use would be in conformity with the zoning ordinance. The letter also informed the zoning commission that the application was being made on five enumerated bases, which it stated were commitments on the part of Devereux in its agreement with Mrs. Van Sinderen, a copy of which agreement it enclosed with the application.[2]

There is no provision in the Washington zoning regulations which requires the commission to hold

---

[2] "1. The School will be for the education of 'socially and emotionally maladjusted children', as defined in Public Act No. 206, 1965 Special Session, attached hereto, and will utilize tutoring and remedial educational and rehabilitative techniques.

"2. Children enrolled in the Washington unit will not exhibit serious emotional problems, such as would constitute a danger or nuisance to the residents of Washington.

"3. No children diagnosed as psychotic, insane, mentally retarded or delinquent will be enrolled in the Washington unit.

"4. Enrollment will be limited to pre-adolescent and early adoles-

a public hearing to consider an application for a permit or certificate of conformity. Nevertheless the zoning commission heard evidence and arguments on Devereux's application at its monthly meeting, which was open to the public. The application and the proceedings of the zoning commission on it were matters of great public interest in Washington, and it was common knowledge that the principal issue to be determined by the commission was whether Devereux's proposed use of its property constituted a school or a mental institution. At the request of the commission, Dr. Edward L. French, the president of Devereux, appeared and offered testimony in support of the application. Other interested parties also appeared and were represented by counsel. A stenographic record of the evidence was made. Counsel appeared for the plaintiff, who is the owner of the estate which adjoins "Glenholme." He was denied permission to cross-examine Dr. French with respect to portions of his testimony in support of the application, but the chairman of the commission did receive questions from those present, including the plaintiff's counsel, and, when the commission felt a question was proper, inquired of Dr. French.

Subsequent to this meeting, the commission requested further information from Devereux's counsel relative to the application. In response to this inquiry, Dr. French, by letter, informed the commission that the curriculum to be offered at "Glenholme" would be comparable to one afforded in the

cent children. No children will be enrolled after they have passed their fifteenth birthday.

"5. Student population in Washington will not exceed 125 children or three per cent of the population of the Town of Washington based upon the Connecticut Register and Manual or such other official census figures as may be maintained either by the State of Connecticut or the United States Government, whichever is greater."

public schools, that no child would remain for more than four years or beyond the age of eighteen years and that no child would be enrolled who has been legally committed by any court or who has been diagnosed a mentally ill person under the definition in General Statutes § 17-176. He also informed the commission that the unit would not be licensed by the Connecticut department of mental health under § 17-227 but would operate as a school approved by the department of education. Included in the lengthy record before the commission was information that the proposed staff for twenty-six pupils included one principal-teacher-administrator, four teachers, one remedial tutor and two recreation teachers. There was also filed with the commission an opinion from William J. Sanders, Connecticut commissioner of education, who wrote concerning the proposed institution: "In my opinion it is an educational institution, a school, and one which we are most fortunate to have established in Connecticut. The educational program of the proposed school will, I am sure, serve as a model to the public schools in the state that must, under P.A. 206 (1965 G.A.) provide special education for the emotionally maladjusted."

The zoning commission by unanimous vote approved the issuance of a certificate of conformity to Devereux, subject to eight specified conditions as to the kinds of activities in which Devereux could engage at "Glenholme."[3]

[3] "1. The school will offer a curriculum comparable to one afforded in the public schools.

"2. The school will operate in conformity with requirements of the State Board of Education and shall not be so conducted as to require licensing by the State Department of Mental Health under Section 17-227 of the Connecticut General Statutes.

"3. The school will be for the education of 'socially and emotion-

The plaintiff and others appealed to the board of appeals from the decision of the zoning commission. Both before and during the public hearing on these appeals, the plaintiff requested that the board require the presence of Dr. French or some responsible official of Devereux for examination by parties opposed to the application. This request was denied by the board, and no official of Devereux appeared at the hearing. Subsequently the board of appeals unanimously voted to affirm the decision of the zoning commission in issuing the certificate of conformity to Devereux "to use the premises known as Glenholme for a school in that Glenholme is located in a Farming and Residential district, and schools are permitted in such districts under Section 3 of the Washington Zoning Regulations."

The plaintiff appealed to the Court of Common Pleas from the decision of the board of appeals. Her motion pursuant to § 52-178 of the General Statutes that the court order that Dr. French and

ally maladjusted children' as defined in Public Act No. 206, 1965 Special Session of the Connecticut General Assembly, and will utilize tutoring and remedial educational and rehabilitative techniques.

"4. No child will be enrolled who has been diagnosed a mentally ill person as defined in Section 17-176 of the Connecticut General Statutes, nor who has been diagnosed as psychotic, insane, mentally retarded or delinquent.

"5. No child will be enrolled after he has passed his fifteenth birthday nor will any child remain at the school for more than four years nor beyond the age of eighteen years.

"6. No child will be enrolled who has been legally committed by any court of competent jurisdiction.

"7. Children enrolled in the school will not exhibit serious emotional problems, such as would constitute a danger or nuisance to the residents of the Town.

"8. Student enrollment in the school will not exceed the greater of one hundred twenty-five or three per cent of the population of the Town as reported in the Connecticut Register and Manual or in other official census figures maintained either by the State of Connecticut or the United States Government."

the chief psychiatrist of Devereux appear and testify at the hearing on the appeal was denied. The court did, however, grant her motion for permission to take depositions from both doctors "limited however only to the question of aggrievement." Notwithstanding this limitation and proper objection and exception taken by Devereux, the court at the hearing on the appeal admitted both depositions as exhibits for all purposes, stating to Devereux's counsel: "I think you are right Mr. Pickett but I am going to admit them anyhow, just so there can be no possible objection raised that I didn't hear in full what these men had to say."

This appeal is from the judgment of the Court of Common Pleas, which dismissed the plaintiff's appeal. The court filed a lengthy "limited" finding, and the plaintiff has assigned no error in the finding of facts. The court concluded, inter alia, that the test to be applied by the zoning board of appeals was whether or not Devereux was going to operate a school at "Glenholme" and not how its various activities in other jurisdictions were operated or classified; that there was ample evidence in the record to support the board's decision that the proposed operation was a school; that the zoning commission in ruling on the Devereux application was acting in an administrative capacity as a building inspector and was not required to hold a public hearing or permit cross-examination; that a member of the commission and a member of the board of appeals who sat on the matter were not disqualified; that an honest judgment was reasonably and fairly reached by the board of appeals after a full hearing; and that it could not find that the board of appeals acted arbitrarily, illegally or in abuse of its discretion.

As briefed for argument before us, the appeal

presents three basic issues: (1) Was the plaintiff denied a constitutional right to a full and fair hearing? (2) Was it error as a matter of law for the trial court to conclude that Devereux's proposed use constituted a "school" use within the meaning of the Washington zoning regulations? (3) Were a member of the commission and a member of the board of appeals disqualified from sitting in this matter?

Basic to the consideration of the merits of this appeal is that it is not an appeal from the enactment of any zone change or from the granting of any variance or any exception or any amendment to the Washington zoning regulations. It is, rather, solely an appeal from the issuance by the zoning commission of a permit certifying that the use proposed in Devereux's application is a use which conforms to the requirements of the zoning regulations. Schools are permitted uses in the zone in which the subject property lies, and Devereux expressly applied for a permit to use the property "for school and education purposes." Notwithstanding the proper classification or function or purposes of any other facilities or units of Devereux located in other states (about which the plaintiff submitted much evidence), it in this case applied specifically for a permit to use "Glenholme" as a school and was issued a permit to use it for that purpose, which is a permitted use in the zone in which the property is situated. Zoning is concerned with the use rather than the ownership of property. *Jeffery* v. *Planning & Zoning Board,* 155 Conn. 451, 454 n., 232 A.2d 497. Without reviewing in more detail than we already have the court's lengthy finding of facts and the evidence in the record before the commission and board, we conclude that there is ample support for the conclusion of the court that the board of appeals com-

mitted no error in sustaining the decision of the commission to issue the certificate for the proposed and permitted use of the property for school purposes. That is the proposed use as stated in the application, and, as therein more specifically described, the use conforms with an accepted meaning of the word "school" under "the broad modern concept of education and within the meaning of the term as it was used in the ordinance." *Langbein* v. *Board of Zoning Appeals,* 135 Conn. 575, 584, 67 A.2d 5; see also *Clark* v. *Planning & Zoning Commission,* 152 Conn. 559, 561, 210 A.2d 320; *State* v. *Gager,* 28 Conn. 232, 235; *American Asylum* v. *Phoenix Bank,* 4 Conn. 172, 177; *Matter of Wiltwyck School for Boys, Inc.* v. *Hill,* 11 N.Y.2d 182, 182 N.E.2d 268. The board was not required to anticipate that Devereux would later violate the zoning regulations by a use not authorized by the regulations, and, should such a violation occur, the ready remedy is by proper legal action at that time. *Miklus* v. *Zoning Board of Appeals,* 154 Conn. 399, 402, 225 A.2d 637.

We find no merit to the contention of the plaintiff that she was denied any right to a full and fair hearing. The zoning commission in passing on Devereux's application for a permit to use "Glenholme" for purposes permitted by the zoning regulations was acting only in an administrative capacity. Neither the Washington zoning regulations nor the General Statutes pursuant to which they were adopted require that a public hearing be held before such a permit or certificate is issued. As a matter of grace and not of duty, the zoning commission afforded members of the public an opportunity to appear and express their opinions concerning the application. No right of the plaintiff was denied by

the refusal of the commission to permit her counsel to cross-examine those who appeared in support of it.

In hearing the plaintiff's appeal from the action of the zoning commission in issuing the permit, the board of appeals was an administrative body acting in a quasi-judicial capacity. *Spesa* v. *Zoning Board of Appeals,* 141 Conn. 653, 656, 109 A.2d 362; *Burr* v. *Rago,* 120 Conn. 287, 292, 180 A. 444; 8A McQuillin, Municipal Corporations (3d Ed. Rev. 1965) § 22.215. "This power is vested in a zoning board of appeals, both to provide aggrieved persons with full and adequate administrative relief and to give the reviewing court the benefit of the local board's judgment. *Carrick* v. *Langtry,* 99 N.H. 251, 254, 108 A.2d 546; see 1 Rathkopf, Zoning and Planning (3d Ed.) p. 37-6, § 1." *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 33, 193 A.2d 483. The plaintiff's right of appeal from the decision of the zoning commission is one granted by § 8-7 of the General Statutes and by § 10 of the Washington zoning regulations, which provides for such an appeal when it is "alleged there is error in any order, requirement, or decision made by the Zoning Commission." On such an appeal all the papers constituting the record upon which the action appealed from was taken are transmitted to the appeals board, and at the hearing any party may appear and be represented by counsel. General Statutes § 8-7. The burden, however, of proving the existence of the alleged error remains with the appellant who has alleged it, and no such burden rests upon any other party. *Village Builders, Inc.* v. *Town Plan & Zoning Commission,* 145 Conn. 218, 221, 140 A.2d 477. The plaintiff complains that because the board of appeals decided her appeal on the record transmitted by the zoning

commission and no witnesses from Devereux testified, she was improperly denied the right of cross-examination. Since at the hearing there was no direct examination of any witness hostile to her, there was no one to be cross-examined. We fail to see how any right of the plaintiff was infringed. In any event, the record discloses that, upon the plaintiff's appeal to the Court of Common Pleas, she was permitted to introduce lengthy depositions which she took both from Dr. French, president of Devereux, and from Dr. J. Clifford Scott, director of psychiatry for the Foundation. Dr. French had been the principal witness for Devereux in support of the application for the permit. Twenty-five paragraphs of the court's limited finding have their factual basis in the testimony of Dr. French contained in his deposition taken at the plaintiff's instance. It does not appear that the plaintiff was in any way deprived of a fair hearing in her opposition to and appeal from the issuance of the permit to Devereux.

The plaintiff also contends that the Court of Common Pleas committed error in refusing to rule that a member of the zoning commission and a member of the board of appeals were each disqualified from acting in this matter. Her complaint against the chairman of the zoning commission is that he acted in that capacity during consideration of the Devereux application while he was also serving as chairman of the Washington mental health fund, in which capacity he had caused a letter to be issued over his signature addressed to all the citizens of Washington soliciting funds for mental health causes. Her complaint about the member of the board of appeals arises from the fact that for about six and one-half years a son of his had received

psychiatric treatment at a Devereux Foundation institution in Pennsylvania, although his treatment there had terminated prior to the board's consideration of the plaintiff's appeal. Both men were examined as witnesses during the hearing of the plaintiff's appeal in the Court of Common Pleas. The court concluded that no basis for their disqualification had been established under either the provisions of § 8-11 of the General Statutes or the decisions of this court in *Josephson* v. *Planning Board,* 151 Conn. 489, 199 A.2d 690, *Daly* v. *Town Plan & Zoning Commission,* 150 Conn. 495, 191 A.2d 250, and *Low* v. *Madison,* 135 Conn. 1, 60 A.2d 774. It properly noted that "[t]he findings in the *Low, Daly* and *Josephson* cases cited cannot be interpreted to the effect of holding that a public spirited citizen who assists in a community charity is disqualified to hear a zoning matter merely because it deals with some part of a similar effort to help human suffering in which he is in no way involved." It noted that there was no evidence that either man knew any of the persons concerned with the application or had any interest in either the applicant Foundation or the outcome of the hearing, and it concluded that the plaintiff failed to establish facts which would tend to weaken public confidence in the ability of both men to render a fair and impartial decision on the application.

While a member of a zoning commission or zoning board of appeals is disqualified to act in any matter in which he has a personal or pecuniary interest, "[l]ocal governments would . . . be seriously handicapped if any conceivable interest, no matter how remote and speculative, would require the disqualification of a zoning official." *Anderson* v. *Zoning Commission,* 157 Conn. 285, 291, 253 A.2d

16. As we further observed in the *Anderson* case (p. 4): "The decision as to whether a particular interest is sufficient to disqualify is necessarily a factual one and depends on the circumstances of the particular case." We cannot in the present case say as a matter of law that the court reached an erroneous conclusion on the questions of disqualification which the plaintiff raised.

We find no error in the ultimate conclusion of the court that the plaintiff failed to prove that the zoning board of appeals acted arbitrarily, illegally or in abuse of its discretion.

There is no necessity for us to consider several errors claimed and briefed by the defendants. These include an attack on the finding of the court which was not limited to the issue of aggrievement, an attack on a ruling granting the plaintiff permission to take the depositions of Dr. French and Dr. Scott even though the order limited the depositions to the question of aggrievement, and also an attack on a subsequent ruling admitting the depositions as exhibits for all purposes despite the limited purpose for which they were permitted to be taken. The defendants did not file a cross appeal or bill of exceptions. See Practice Book § 653; *Equitable Life Assurance Society* v. *Slade,* 122 Conn. 451, 464, 465, 190 A. 616. The rulings complained of, even if erroneous, were not prejudicial to the defendants since they have nevertheless prevailed.

There is no error.

In this opinion the other judges concurred.