[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiffs, Kathryn Walauskas d/b/a W. B. Agway ("Walauskas") and Chester Hardisty, applied to the Defendant Zoning Board of Appeals of the Town of Woodbury ("ZBA") for a variance to reduce the minimum landscape buffer and to allow parking within the buffer area of a new commercial building to be constructed on property on which the Plaintiff Walauskas currently operates an Agway business. The Agway operation would be relocated to the new building, and the existing building leased to a new tenant. A special permit for the new building had been CT Page 1558 previously approved by the Woodbury Zoning Commission subject to various conditions, including compliance with the landscape buffer and parking configuration provisions of the Woodbury Zoning Regulations ("Zoning Regulations").
On February 3, 1994, the Plaintiffs submitted their application to the ZBA. Record, Exhibit A, Application. On February 7, 1994, the ZBA discussed the application and scheduled a public hearing. The duly noticed public hearing was held on February 22, 1994 and successively continued to March 21, 1994 and April 4, 1994. Record, Exhibit B, Minutes. On April 4, 1994, the ZBA, by unanimous vote, denied the Plaintiffs' application, citing four reasons for its decision. Notice of the decision was published, and a certified copy of the decision was sent to the Plaintiff Walauskas. Record, Exhibits D and E. The Plaintiffs have brought this appeal from the decision of the ZBA.
Plaintiffs base their appeal essentially on the grounds that (1) the ZBA acted arbitrarily and in abuse of its discretion in denying their application, and (2) the action of the ZBA was tainted by the alleged bias of one of its members, in violation of General Statutes § 8-11. These claims respectively involve issues of hardship and bias. The Court will consider these claims in that order. It is first necessary, however, to determine aggrievement.
I. Aggrievement
Under General Statutes § 8-8(b), a statutory right of appeal is provided for all persons aggrieved by a decision of a zoning board of appeals. In order to establish aggrievement, a plaintiff must demonstrate, first, a specific, personal and legal interest in the subject matter of the decision as distinguished from the general interest, and second, that he was specifically and injuriously affected by the decision. Hall v.Planning Commission, 181 Conn. 442, 444 (1980). The burden of establishing aggrievement is on the plaintiff.Beckish v. Manafort, 175 Conn. 415, 419 (1978).
Plaintiff Walauskas is the owner and operator of the Agway business currently on the subject property pursuant CT Page 1559 to a lease with the property owner Chester Hardisty. She is the co-applicant for the requested variance. (Record, Exhibit A) Her interest in the subject matter is specific, personal and has been adversely affected by the ZBA's denial of her variance application.
Plaintiff Chester Hardisty was at all relevant times the owner of the subject premises. (Ptf. Ex. 1). The ZBA has admitted that Hardisty is a co-applicant for the variance (see ZBA's Answer, dated July 27, 1994, par. 3). His interest is likewise specific, personal and adversely affected.
The Plaintiffs are aggrieved by the decision of the ZBA.
II. Hardship
The authority of a zoning board of appeals to grant a variance is set forth in General Statutes § 8-6(a)(3). Two conditions must be satisfied: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Smith v. Zoning Board ofAppeals, 174 Conn. 323, 326 (1978). "[T]he hardship must be different in kind from that generally affecting properties in the same zoning district." Grillo v. ZoningBoard of Appeals, 206 Conn. 362, 373 (1988).
A zoning board of appeals is endowed with liberal discretion. Its actions are subject to review only to determine whether they were unreasonable, arbitrary or illegal. The burden of proof that the board acted improperly is on the party seeking to overturn the board's decision. Francini v. Zoning Board of Appeals,228 Conn. 785, 791 (1994).
The power of the Defendant ZBA to grant variances is set forth in § 8.8 of the Woodbury Zoning Regulations. This section mirrors the language of General Statutes § 8-6(a)(3). Record, Exhibit G, at 72. The circumstances under which a variance may be granted are set forth in Section 8.8.1 of the Zoning Regulations. These generally CT Page 1560 track the foregoing requirements. Id.
Plaintiffs had previously applied to the Zoning Commission for a special permit to erect the new Agway building and for outside display of goods. The special permit application and site plan contemplated two rows of parking in front of the front entrance of the new building facing the street, and showed employee and overflow parking downslope to the rear. Record, Exhibit F. The Zoning Commission, however, conditioned its granting of the Special Permit upon a site plan with only one row of parking in front of the building. This limitation was required by Sections 5.6.A.5 and 9.2.12.e of the Zoning Regulations applicable to the Middle Quarter G District in which the property is located. Section 5.6.A.5 concerns buffer and setback requirements, while Section 9.2.12.e concerns landscaping and bufferyard. Record, Exhibit G. The eliminated row was to provide parking for 13 vehicles.
Plaintiffs then applied to the ZBA for a variance "to reduce the minimum landscaped buffer from the street from 25 feet as already required by Sec. 5.6A.5 and Sec. 9.2.12.e of the Woodbury Zoning Regulations and approval of parking within such area as shown on the site plan of Kathryn Walauskas, dated 11/18/93." Record, Exhibit A. In support of their application, Plaintiffs claimed that the peculiar topography of the property is unique and has created a hardship that arises from circumstances and conditions beyond their control. The rear of the property slopes downward approximately eight feet, and a portion of that is subject to a well field conservation area and to flood plain restrictions.
Unless the variance were granted, the eliminated parking spaces would have to be relocated either to the rear of the building or in the area in the front allocated to outside display. Plaintiffs asserted that either alternative is unjustified, since customer parking in the rear would create an unwarranted safety problem, particularly during inclement weather and after sunset in the winter, and the existence of an outside display area is essential to the business. In addition, Plaintiffs asserted that the requested variance is in harmony with the general character of the neighborhood, and cited CT Page 1561 examples of other businesses having reduced landscape buffers.
In its denial of Plaintiffs' application, the ZBA made the following findings:
 (a) a sufficient hardship has not been demonstrated;
 (b) the Board does not feel the applicant has proved the topography of the land is sufficiently steep to disqualify use of the proposed site, or justify putting parking in front of the proposed building;
 (c) the Board does not feel the Zoning Regulations are ambiguous, as stated in the hardships accompanying the application; and
 (d) the hardship claimed that requiring a 25' landscaped buffer from the front property line would be inconsistent with existing landscaping for existing business uses in MQ-G, does not justify increasing the non-conformity of existing landscaped buffer regulations, and the examples in Middle Quarter G that were cited are nonconforming.
Record, Exhibit B, Minutes 4/4/94, at 5.
These findings are supported by the Record. The Plaintiffs themselves presented a site plan showing parking in the rear for employees and overflow customers, thus effectively negating their "safety" argument. The Plaintiffs made no claim at the hearing or in their briefs on this appeal concerning Zoning Regulations ambiguity, and are deemed to have abandoned this claim. The properties cited by Plaintiffs respecting exception to the landscaped buffer requirements were all nonconforming uses that predated zoning.
Plaintiffs base their perceived need for the additional row of front parking and for preservation of the outside display area on reasons peculiar to the Agway business. These reasons, at best financial, do not CT Page 1562 constitute hardship. Berlani v. Zoning Board of Appeals,160 Conn. 166 (1970).
Plaintiffs' assertion that the financial impact of the ZBA decision is confiscatory is without merit. To be confiscatory, the impact of the decision upon the property must be such that it "greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put." Carlson v. ZoningBoard of Appeals, 158 Conn. 86, 89-90 (1969). There is no evidence that such is the case. The evidence is to the contrary.
Plaintiff Walauskas presently operates an Agway business from the existing building on the leased premises. The proposed new building may be put to reasonable commercial purposes. Plaintiffs have reasonable alternatives, including reconfiguration of the proposed building. Plaintiffs have failed in their burden of proof. Francini v. Zoning Board of Appeals, supra.
III. Bias
Plaintiffs contend that they are entitled to a new public hearing and reconsideration of their variance application by reason of the alleged bias of ZBA alternate member Marian Griswold in violation of General Statutes Section 8-11. The pertinent portion of Section8-11 reads as follows:
 [N]o member of any zoning board of appeals shall participate in the hearing or decision of the board. . .upon any matter in which he is directly or indirectly interested in a personal or financial sense.
The claimed bias is personal, not financial. A public officer may not place himself in a position in which personal interest may conflict with his private duty. Low v. Madison, 135 Conn. 1, 8 (1948). The test is not whether personal interest does, in fact, conflict, but whether it reasonably might conflict. Thorne v.Zoning Board of Appeals, 178 Conn. 198, 205 (1979). Whether an interest justifies disqualification is necessarily a factual question and depends upon the CT Page 1563 circumstances of the particular case. Armstrong v.Zoning Board of Appeals, 158 Conn. 158, 171-72 (1969)
An evidentiary hearing on this issue was held before this Court. Testifying were the Plaintiff Walauskas, Marian Griswold, ZBA chairperson Judith M. Plummer and ZBA clerk Donna Franceskino.
The claimed bias has its genesis in comments made by Griswold at an April 21, 1993 Woodbury Zoning Commission hearing on proposed outdoor display regulations affecting Agway. This hearing occurred prior to Griswold becoming a ZBA member. Speaking as a member of the public, Griswold "expressed her opposition to any changes in the regulations that could affect Woodbury's historical quality," and "criticized Agway's non-compliance with the regulations during the time of its discussions with the Commission." Plaintiff Exhibit 2, Minutes.
Marian Griswold was present as an alternate when Plaintiffs' variance application first came before the ZBA at its February 7, 1994 meeting. She was one of four members seated at the February 22, 1994 commencement of the public hearing on the application. At the inception of that hearing, the ZBA chairperson inquired if any ZBA member had a conflict of interest under Section 8-11. None revealed a conflict.
Griswold was absent at the continuation of the public hearing on March 21, 1994, at which five ZBA members were seated. The public hearing was reconvened on April 4, 1994. Griswold attended as an alternate, but was not seated as a voting member. That same evening the public hearing was closed, deliberations were conducted and a vote was taken. The five seated members voted unanimously to deny Plaintiffs' application. Plaintiff Walauskas and her attorney were present at all pertinent times.
The claim of bias focuses on purported remarks made by Griswold during deliberations. These remarks were not transcribed. The nature and content of these remarks is in dispute. Plaintiff Walauskas testified that Griswold questioned whether Plaintiffs had shown any hardship. Griswold testified that she did not recall saying CT Page 1564 anything about Plaintiffs' application. Rather, her remarks were general questions regarding the procedures followed by the ZBA in voting on applications, with which procedures she, as a new member, was unfamiliar. Both Plummer and Franceskino supported Griswold's version, testifying that her remarks were procedural and general in nature.
At the outset, the Defendant asserts by way of Special Defense that Plaintiffs' claim of conflict of interest has been waived. This is based on the failure of the Plaintiff Walauskas and her attorney to object to or otherwise make any statements respecting Griswold's comments at that time.
Waiver is the intentional relinquishment of a known right. Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 777 (1995). Walauskas testified that during a site walk with ZBA Chairperson Plummer following the first public hearing date, she had mentioned to Plummer her concern about Griswold's participation. Accordingly, when Griswold was absent on the second public hearing date, she assumed that Griswold had been disqualified. Walauskas further testified that the reason that she and her attorney remained silent following Griswold's remarks during the April 4, 1994 deliberations was that they were under the opinion that they then had no right to speak.
The Court finds that the Plaintiffs have not waived their bias claim. However, the failure of Walauskas and her attorney then to act is relevant on the disputed issue of the nature and content of Griswold's subject remarks.
On the merits, the Court finds the issues on bias in favor of the Defendant. The testimony of Griswold, Plummer and Franceskino on the nature and content of Griswold's April 4, 1994 post-hearing comments is accepted. Griswold was not a voting member on the application. There is no evidence whatsoever that Griswold's remarks had any influence or impact on the unanimous decision of the five voting members denying the application. CT Page 1565
The burden of establishing a disqualifying interest rests on the party — here the Plaintiffs — making the contention. Petrowski v. Norwich Free Academy,199 Conn. 231, 236, appeal dismissed, 479 U.S. 802 (1986). The impermissible interest asserted must be realistic and more than remote. Id., 236, citing Marshall v. Jerrico,Inc., 446 U.S. 238, 250 (1980).
Chairperson Plummer did not believe that Griswold's comments at the April 21, 1993 Zoning Commission hearing constituted disqualifying bias. The court concurs. These comments were made by a private citizen at a hearing at best only remotely related to the subject matter before the ZBA. Taken at face value, the reported comments do not rise to the level of a disqualifying hostility. "Local governments would. . .be seriously handicapped if any conceivable interest, no matter how remote and speculative, would require the disqualification of a zoning official." Anderson v. Zoning Commission,157 Conn. 285, 290 (1968).
The appeal is dismissed.
DAVID L. FINEBERG