[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT COMMISSIONER'S MOTION TO DISMISS
The Plaintiff appeals the Decision of the Commissioner of Health and Addictive Services (Commissioner) dismissing her appeal of a City of Hartford, Director of Health lead abatement order. The Plaintiff appealed to the Commissioner pursuant to General Statutes § 19a-229.
This appeal is brought pursuant to the Uniform Administrative Procedures Act (UAPA) § 4-166 et seq.[1]
The Commissioner moves to dismiss the appeal on the basis that the court lacks jurisdiction. "Judicial review of an administrative decision is a creature of statute." Tarnopol v.Connecticut Siting Council, 212 Conn. 157, 161 (1989). "The UAPA grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances. General Statutes § 4-183 (a)." New EnglandDairies, Inc. v. Commissioner of Agriculture, 221 Conn. 422, 427
(1992).
The UAPA § 4-183 provides the right to an administrative appeal to a "person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision. . . ." Section 4-166 (3)(A) defines "final decision" as "the agency determination in a contested case." Section 4-166 (2) defines "contested case" as a "proceeding . . . in which the legal rights duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held."
In Summit Hydropower Partnership v. Commissioner ofEnvironmental Protection, 226 Conn. 792 (1993) our Supreme Court affirmed that under § 4-183 the Superior Court lacks jurisdiction to hear an administrative appeal in the absence of a statutory provision requiring the agency to provide an opportunity for a hearing to determine a party's legal rights, duties or privileges.
In the instant case the Plaintiff asserts that the Commissioner's obligation to afford a hearing is established by CT Page 8851 § 19a-229.
 Section 19a-229 provides: any person aggrieved by an order issued by a town, city or borough director of health may, within forty-eight hours after the making of such order, appeal to the Commissioner of Public Health who shall thereupon immediately notify the authority from whose order the appeal was taken, and examine into the merits of such case, and may vacate, modify or affirm such order.
The dispositive issue on this motion is whether the Commissioner's obligation to "examine into the merits" is a statutorily mandated "opportunity for a hearing" to determine Plaintiff's legal rights.
Though the UAPA contains no definition of the term; Connecticut authority has defined the term "hearing" in the context of administrative agencies.
"A `hearing' has been defined as a proceeding of relative formality, generally public, with definite issues of fact and of law to be tried in which parties proceeded against have a right to be heard, and is much the same as a trial and may terminate in final order. Black's Law Dictionary (4th Ed. Rev. p. 852). A hearing can be in the nature of a trial with the presentation of evidence, it can be merely for the purpose of presenting argument, or, of course, it can be a combination of the two, see Davis, Administrative Law Trust (3d ed. § 70); see generally 2 Am.Jur.2d `Administrative Law,' §§ 413-426." Rybinski v.State Employees Retirement Commission, 173 Conn. 462, 469 (1977). Also, see Gervasi v. Town Plan Zoning Commission, 184 Conn. 450,453 (1981); Shaw v. Retirement Commission, 5 Conn. App. 520, 524-25
(1985).
"Our cases consistently recognize the generally adversarial nature of a proceeding considered a `hearing' in which witnesses are heard and testimony is taken." Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 566 (1988). Also see Armstrongv. Zoning Board of Appeals, 158 Conn. 163 (1989) where a hearing was found to have taken place because evidence and arguments were heard by the decision making commission.
Equating an "examination into the merits" with a statutorily CT Page 8852 mandated hearing to determine legal rights is a leap which can only be made with legislative guidance. Section 22a-430 (g) of our General Statutes provides for the Commission's review of local agency septic system permit denials. A permit denial, "shall be subject to hearing and appeal in the manner provided in § 19a-229." Section 22a-430 (g) thus clarifies the manner of process provided in § 19a-229. It provides a "hearing and appeal." It is a rule of statutory construction that the court may look to other statutes relating to the same subject for guidance, Petco Insulation Co. v. Crystal, 231 Conn. 315, 324
(1994).
Construing § 19a-229 to require a "hearing" serves other purposes in addition to effectuating the legislative expression of § 22a-430 (g). Connecticut has adopted a narrower definition of contested case than the Model Act or other state's versions of the UAPA. Connecticut explicitly amended § 4-166
(2) from "required by law" to "required by statute." (Public Acts 1973, No. 73-620 § 2). See, Lewis v. Gaming Policy Board,224 Conn. 693, 706-707 (1993). The required by law standard would encompass hearings which were constitutionally as opposed to statutorily mandated.
The deprivation, as in this case, may be a substantial deprivation of liberty or property (if not life) by the government which could only be effectuated with due process of law as required by the United States Constitution 14th Amendment and Connecticut Constitution Act 1 § 8. Lewis v. GamingPolicy Board, supra, recognized that UAPA review was not applicable to such constitutional due process claims, absent statutory authorization conceding that "[d]eciding which class of cases qualify for UAPA review is a public policy determination primarily within the legislature's province." Lewis v. GamingPolicy Board, supra at 224 Conn. 709; nevertheless the court should search for an effective and constitutional construction which accords with the legislature's underlying intent, Lassonev. Lepore, 226 Conn. 773, 778 (1993).
Allowing for the UAPA review also serves a pragmatic effect of according an expeditious form of judicial review. The alternative would be a resolution of the underlying merits in enforcement proceedings or other vehicle of collateral challenge which could involve de novo determinations. If the administrative determination does not allow for judicial review, a collateral challenge must be allowed in enforcement proceedings. UnitedCT Page 8853States v. Mendoza-Lopez, 481 U.S. 828, 95 L.Ed.2d 772,107 S.Ct. 2148 (1987).
A difficult aspect of this case is the application of the full panoply of UAPA rights and procedures to the state agency review of local agency decision. A review of the cases[2]
however reveals that the Commissioner does in fact hold adversarial de novo hearings in § 19a-229 cases. An analogous process whereby the Department of Public Utility Control reviews appeals of municipal highway permits, is made specifically subject to the UAPA. See § 16-231.
For the above referenced reasons the Motion to Dismiss is denied.
Robert F. McWeeny, J.