[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Honeycomb Associates appeals from the January 16, 1990 action of defendant Planning and Zoning Board of the City of Milford (hereafter defendant or board) denying plaintiff's November 28, 1989 application for approval of a five (5) lot subdivision in a fifteen (15) acre parcel of land situated on Honeycomb Lane in the City of Milford. In this appeal plaintiff claims that its application contained all of the drawings, maps, specifications and profiles required by defendant's subdivision regulations. Furthermore, plaintiff claims that the police, fire, engineering and health departments of the City of Milford had forwarded to defendant board approvals of said drawings, maps, specifications and profiles prior to the November 28, 1989 application.
The plaintiff asserts that the defendant's denial of the aforesaid application was illegal, arbitrary and abusive of its discretionary power in that it 1) concerned itself with memoranda, dated April 27, 1989 and July 27, 1989, from the health department, regarding septic system plans which were later revised; 2) failed to consider the septic system design which was approved by the municipal health department; and 3) failed to approve the application although the application was in conformity with all zoning and subdivision regulations.
The plaintiff claims further that because of defendant board member Timothy Chaucer's prior statements of opposition to the granting of a wetlands-filling permit by the Connecticut Department of Environmental Protection (DEP) and his prior statements to DEP of his opposition to its subdivision plans, Timothy Chaucer should have abstained from speaking in opposition to and from voting against the subdivision application at defendant's board meeting of January 16, 1990.
The plaintiff maintains that although said Timothy CT Page 1580 Chaucer was directly or indirectly interested in a personal sense in the instant application, he failed to disqualify himself from participating in the hearing and decision thereon in violation of Connecticut General Statutes section 8-11.
Defendant board admits the denial of plaintiff's application for subdivision approval. However, the defendant denies plaintiff's claims that 1) the application contained all of the drawings, maps, specifications and profiles required by the subdivision regulations to provide defendant with the necessary information for action; 2) its application met all of the requirements of the applicable zoning and subdivision regulations; 3) its application received approval of all interested departments; and 4) that the defendant acted illegally, arbitrarily and in a manner abusive of its discretionary power.
Although the defendant admits that board member Timothy Chaucer spoke in opposition to the special permit, the defendant concedes no wrongdoing in this regard and posits that even if Timothy Chaucer's participation in the process were improper such improper participation was waived since the plaintiff failed to request him to recuse himself.
In an appeal from a zoning board of appeals the court will not substitute its judgment for that of the zoning board, but will review the record before the board to determine whether it acted fairly or with proper motives or upon valid reasons. Willard v. Zoning Board of Appeals,152 Conn. 247, 249 (1964). This Court divides its opinion in basically three parts, viz 1) aggrievement; 2) the issue of disqualification; and 3) the issue as to whether the record contains sufficiently valid reasons to support denial of the plaintiff's application.
Aggrievement
In order to have standing to appeal to Court a decision by a zoning agency, the party claiming aggrievement must demonstrate specific legal and special interest which has been harmed by the decision. Hall v. Planning Commission of the Town of Ledyard, 181 Conn. 442 (1980). From the testimony at the Court hearing of this appeal and from exhibits introduced into evidence the court finds that the plaintiff owned the property at issue for all times material and finds that the plaintiff is aggrieved for purposes of this appeal by the denial of its application for approval of its proposed subdivision. CT Page 1581
The Disqualification Issue
At the Court hearing of this appeal the parties introduced several exhibits, two of which disclosed that in 1978 Timothy Chaucer, identifying himself as the Chairman of the Milford Conservation Commission and addressing the Connecticut Department of Environmental Protection (DEP) opposed the application of Honeycomb, Inc. for a permit to subdivide about 36 acres of its property into more than 36 residential building lots. The property is contiguous to and a portion of it is within the subject wetlands. The parties stipulated that at the time of Mr. Chaucer's testimony before DEP he was a member of the Milford Planning and Zoning Board.
As a result plaintiff claims that Mr. Chaucer should have disqualified himself from voting on its application for subdivision approval. Although statutory and case law make abundantly clear that "[n]o member of any zoning commission or board and no member of any zoning board of appeals shall participate in the hearing or decision of the board or commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense," Connecticut General Statute Section 8-11, Furtney v. Zoning Commission, 159 Conn. 585, 595 (1970), this court finds no evidence which establishes that Timothy Chaucer had a personal or financial interest in the instant application so as to warrant a disqualification. The testimony, introduced into evidence at this Court hearing on the appeal concerned Mr. Chaucer's opposition from an environmental prospective to an application for a more than 36 lot subdivision and not an application to approve a five-lot subdivision. Furthermore, plaintiff did not seek Mr. Chaucer's disqualification prior to the denial of the application by defendant board. See Fletcher v. Planning and Zoning Commission, 158 Conn. 497, 507-508 (1969), and McGavin v. ZBA, 26 Conn. Sup. 251, 254 (1965). The plaintiff has not proved nor demonstrated through voir dire or other means — neither prior nor subsequent to his vote — that Mr. Chaucer's environmental and conservation concerns in the wetlands area in general predisposed his particular action on the denial of plaintiff's application for approval of the five-lot subdivision. See Anderson v. Zoning Commission, 157 Conn. 285, 291 (1968).
Review of the Record
Plaintiff presented two applications for approval by defendant board viz, 1) a petition, filed on December 7, 1989 for a permit to deposit fill on a 0.28 acre portion of a 15 acre parcel of land situated within 25 feet of a wetland near CT Page 1582 Honeycomb Lane in Milford; and 2) an application filed on November 28, 1989 for a five-lot subdivision known as Honeycomb Estates, situated contiguous to said area. Both applications were considered by defendant at a public hearing held on December 19, 1989, during a Committee meeting on January 10, 1990, and during a discussion and vote at its meeting on January 16, 1990.
The following is the verbatim statement from the record of the January 10, 1990 meeting of defendant board's subdivision and Special Permits Committee:
 Honeycomb Estates — Honeycomb Lane Associates — 5 lot subdivision
 The Committee will recommend approval to the full Board. (see, Item #3).
Item #3 of said minutes states the following:
 Honeycomb Lane — Petition of Honeycomb Associates for a special permit to conduct regulated activity within 25' of a wetland.
 The Committee reviewed the plans and there was some concern regarding the septic systems. All reports were favorable, including the health department. It was noted that the houses are being set back and the septic systems will be in the front and not going into the wetlands. The Committee will recommend approval to the full board.
Id. p. a.
At the January 16, 1990 meeting defendant board discussed the permit within the context of plaintiff's application for a five lot subdivision. Included within the discussion was whether the proposed subsurface sewage disposal system would accommodate the five lot subdivision. In this regard defendant board members reviewed several Milford Health Department Memoranda, including a memorandum dated October 19, 1989, which recommended approval of the subsurface sewage disposal system for the five-lot subdivision with the following comments:
 Approval for subdivision by this department indicates on-site feasibility for sub-surface sewage disposal. However, each lot will be CT Page 1583 re-evaluated prior to issuance of "permit to install and/or construct" a septic system. With these concerns clearly understood by this applicant, the Milford Health Department has no objection to this application.
Nevertheless five of the four board members found this memorandum to contain reservations and voted to deny the application. City Planner W. Pierce noted that a previous court had approved the filling of the subject wetlands for development.
The record also contains a letter, dated August 14, 1989 from Connecticut DEP, accompanied by its Inland Wetlands Permit, giving its approval to fill approximately 0.3 acres of inland wetlands in conjunction with a six-lot subdivision.[3]
By letter, dated January 17, 1990, defendant notified plaintiff that the application for the special permit was denied, but did not state a reason therefor. However, this letter also notified plaintiff of defendant's denial of the five-lot subdivision noting as a reason therefor that health department memoranda of April 27, 1989 and July 27, 1989 contained too many discrepancies and concerns ". . . regarding septic systems for all five lots."[4]
The Court views the Health Department Memorandum of October 19, 1989, as replacing its former Memoranda.
Based upon the record this Court finds no substantial evidence supporting a reason for denying plaintiff's application for approval of the five-lot subdivision. Kaeser v. Conservation Commission, 20 CA 309, 311 (1989). A review of defendant's zoning regulations, as presented in the record, discloses no such evidence. Moreover, the record as articulated in this decision suggests substantial evidence for approving the application. Accordingly, plaintiff's appeal is sustained.
CLARENCE J. JONES, JUDGE