[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter involves an appeal from actions of The Planning and Zoning Commission of the Town of Darien in enacting a zone change of 4.335 acre parcel from residential to a designated business zone and amendment of the regulations to enable the town to develop a proposed moderate income housing project on a portion of the parcel mentioned above. The Town had entered into purchase agreement to obtain ownership of a portion of the 4.335 acre tract contingent upon the zone change and amendment as noted above, and so became the prime mover to accomplish these necessary changes to the regulations. The appellants and neighbors oppose these proposed changes based upon the belief that the character of the neighborhood will be adversely affected and that the actions of the P. Z. are illegal and void for the reasons that the zone change and change of regulations are inconsistent with the town's comprehensive plan and constitute spot zoning and secondly, that there was improper participation on the part of the Commission members rendering the action of the Commission invalid.
Initially, it should be noted that the answer filed on behalf of the Appellees in effect denies aggrievement. It is of course essential for the court to find aggrievement on the part of the appellant to allow prosecution of the appeal, Smith v. Planning and Zoning Board, 203 Conn. 317, 321 and in the instant matter aggrievement was found by Judge Lewis on August 30, 1991 as of record appears.
Proceeding to the specific claims of impropriety as set out in the complaint and briefs the appellants in their briefs of August 17, 1990 and October 10, 1991, claim initially in Section 1, pg. 6 that some of the Commission members should have disqualified themselves from participating in the action on the amendment and matters related to the rezoning of the property in question and their failure to do so upon request renders the action of the P. and Z. illegal and invalid.
The plaintiffs claim more specifically in their complaint in CT Page 689 paragraph 8(7) that the Chairman and Secretary of the Commission "acted as advocates for the project in front of the Representative Town Meeting and were actively involved in the First Selectman's political campaign during the referendum". They further alleged that these parties "continued with their strong advocacy of these proposals prior to and during the hearings and vote on the questions", and that they were personally and politically involved in the project both before and during the land use regulation and hearing process. And in paragraph 8(6) the appellants claim that since the executive branch was so actively engaged in the matter that it should have filed the application with the Planning and Zoning Commission for the zone change and amendment to the regulations instead of the Planning and Zoning acting on its own motion. It is claimed that some or all of these activities were violations of C.G.S. Section 8-11 which generally prohibits participation upon any matter in which one casting a vote is directly or indirectly interested in a personal or financial sense.
This court on September 30, 1991 at the instance of the appellants heard evidence on the issue of participation by members of the P. and Z. It is the appellants claim that strong political connections between the First Selectman and P. and Z. members as well as their promotion of the zone change requires disqualification under Section 8-11 C.G.S. This statute as noted, requires the disqualification of any member of a planning and zoning commission upon any matter in which is directly or indirectly interested on a personal or financial sense. The hearing and the record as a whole fail to disclose that any member challenged on these grounds had "a direct or indirect" "personal or financial" interests in the contemplated zone change. The record only demonstrates an interest as members of the community in promoting what in their opinion represented a positive action for the good of the community. As was pointed out in Ciofoletti v. Planning and Zoning Commission 209 Conn. 544, 555 and in Ghent v. Zoning Commission 220 Conn. 584, 588 it would be strange indeed if the law required that members of zoning commissions must have no opinion concerning the proper development of their communities. See Furtney v. Zoning Commission 159 Conn. 585, 594
and Ghent cited supra 594. It is more realistic to presume that individuals become members of the boards because of the belief of the citizenry that they will apply their judgment in a manner which will be of benefit to the community as a whole. As the court previously indicated there is nothing in the record that suggests the presence of corruption or favoritism on the part of any individuals involved in the adoption of this amendment as claimed by the appellants. See also Anderson v. Zoning Commission 157 Conn. 285,290 regarding the nature of the "favoritism" which would preclude participation in the decision.
Paragraph 8(6) of the appeal claims that the action of the CT Page 690 Planning and Zoning in amending its regulations providing for the zone change rather than requiring an application from the Executive branch was improper. This claim as stated suggests political chicanery on the part of the participants. The zoning regulations of the Town of Darien Section 1111 (Exhibit OO and NN) provides that the Commission on its motion or on petition may amend the regulations. That the Commission in this instance elected to proceed on its own motion in response to a request by the First Selectman rather than by a petition appear to be of no moment and this claim is found to be without substance.
The plaintiffs brief next treats of the claims set out in the complaint as related to Spot Zoning (paragraph 8 (4)(5) and inconsistency with the comprehensive plan and noncompliance with the Plan of Development. Paragraph 8(8).
According to the record and plaintiffs brief they are neighbors to the property sought to be purchased by the Town and rezoned for purposes of a moderate housing project. It is their claim that the change of zone "would have the effect of isolating their single family residential neighborhood by fully surrounding it with higher density and noxious uses, thereby destroying the character of their residential neighborhood". In the immediate proximity to the tract in question as pointed out in plaintiffs brief are the following installations or uses: Town dump, Town library, condominium housing and parking lots. It is the appellants claim that the zone change having the effect as noted above violates the comprehensive plan enacted by the Town (Exhibit MM) in 1984. It is their claim that while an area set aside as a single family residence zone in an comprehensive plan may be rezoned to a multiple dwelling district without doing violence to the comprehensive plan it is an illegal use of the Zoning and Planning Commission authorities to do so in a manner which "constitutes" Spot Zoning. Langer v. Planning and Zoning Commission of the Town of Westport 163 Conn. 453, at 461 notes that "spot zoning" has been generally defined as the reclassification of a small area of land in such manner as to disturb the tenor of the surrounding neighborhood. (Plaintiffs brief p. 13).
In Malafronte v. Planning and Zoning Commission 155 Conn. 205, page 208 Cotter, J. noted that when enacting or amending its regulations, a local zoning authority acts in a legislative capacity. It must be free to modify its regulations whenever time, experience and responsible planning or future conditions responsibly indicate the need for a change. "Thus although we have said that a Zoning Commission should not ordinarily alter the classification of a certain zone in the absence of changed conditions, it is clear that this rule, which is a restriction upon the legislative discretion, will only be applied in those rare instances where the zoning amendment is patently arbitrary". The CT Page 691 record discloses that there was expressed a need for moderate housing for Town employees and others (Exhibit B, C and others) and that the proposed rezoning for such a use would afford a buffer and transition between adjacent Business and Residential Zones. "Zoning must be sufficiently flexible to meet the demands of increased population" Malafronte cited supra p. 209. One of the reasons given for the need to provide moderate priced housing within the community was recognition that property values had increased so dramatically within the recent past that some town employees were unable to reside within the community. (Record Exhibit C). "The purpose of zoning is to serve the interests of the community as a whole and one of those interests is to provide adequate housing. A change of zone predicated on such an interest if otherwise consistent with the accepted principles of zoning, is a reasonable exercise of the Boards discretionary power. When a new zoning regulation has a real or reasonable relation to the general welfare, health, morals or safety of the community, and auxiliary motivation will not render the change in classification nugatory. Malafronte cited supra p. 212. See also Protect Hamden-North Haven From Excessive Traffic and Pollution Inc. v. Planning and Zoning Commission 220 Conn. 527, 543.
It is a function of zoning to balance the preservation of the status quo with the reasonable pressures for change due to the growth in population. . . in community requirements" and the Zoning authority must accomplish this through a logical development of its comprehensive plan. Brennick v. Planning and Zoning Commission41 Conn. Sup. 593, 595 (Hammer, J.) and once it is concluded that the action was within the comprehensive plan the rezoning is not spot zoning if it benefits the community at large. Dooley v. Town Plan and Zoning Commission 154 Conn. 470, 478.
The plaintiffs have not shown that the board abused its powers in this case. "So long as it appears that an honest judgment has been reasonably and fairly exercised by the Commission after full hearing, courts should be cautious about disturbing its decision. Courts cannot substitute their judgment for the wide and liberal discretion vested in the local zoning authority when it is acting within its proscribed legislative powers. Dooley supra p. 478.
Next, the plaintiffs claim in paragraph 8(1) and 8(2) that the Commission in the enactment of regulations in Section 500 et seq. including the amendment 514 violated the provisions of the Fair Housing Amendment Act 42 U.S.C. § 3601 which prohibits discrimination on the basis of age and, by providing housing with a preference for municipal employees, the enacted regulations are discriminatory and consequently illegal and invalid.
It appears from the provisions of Title 8 and particularly Section 8-112a C.G.S. that elderly housing is an expressed goal of CT Page 692 the legislature as well as moderate low cost housing. Builders Service Corporation v. Planning and Zoning Commission 208 Conn. 267,304 notes that the zoning regulations must "encourage" the "development of housing opportunities" . . . for all citizens. Providing affordable housing for municipal employees and others as was enacted by the amendments in question on May 9, 1989 (Exhibit X) appear to bear a reasonable relationship to the Towns legitimate objectives of zoning including the promotion of health, safety and general welfare. See also Parks v. Planning and Zoning Commission178 Conn. 657, 662. Accordingly, while the amendments made provision for certain categories of residents this court cannot view them as discriminatory and therefore illegal. The federal courts upheld that "the adoption and enforcement of a residency requirement is not a per se violation of the Act" (referring to the Federal Fair Housing Act). United States v. Housing Authority of the City of Chickasaw 504 F. Sup. 716, 731. This court cannot find that the regulations in question are illegal based upon the claim of discrimination as to age, income, employment or residence.
Finally, the court likewise cannot conclude that the enacted amendments should be held void for vagueness as claimed by the appellants in paragraph 8(3). The regulations (Exhibit X) appear to be reasonably explicit as to permitted uses so as to enable the Commission and those affected to know their rights and obligation. Helbeg v. Zoning Commission 185 Conn. 294, 307-308.
Finding that the claims of the appellants are not supported by the law or the record this appeal is dismissed.
GEORGE W. RIPLEY, JUDGE