[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7264
The plaintiff, Basil Keiser, an environmental intervenor, appeals the decision of the defendant, Town of Redding Conservation Commission ("Conservation Commission"), granting the application of the defendant, Redding Water Pollution Control Commission ("WPCC"), for a license to conduct regulated activities involving certain wetlands in connection with the construction of a sewer collection system in the Georgetown area of Redding. The Conservation Commission has authority to act pursuant to General Statutes, Sec. 22a-42.
On April 7, 1993, the WPCC submitted an application (No. 93-08) to the Conservation Commission for a license to construct the Georgetown Sewer Collection System. (ROR, Item 1.) The Conservation Commission discussed the application at meetings on April 20, 1993 and May 4, 1993. (ROR, Item 2 and 3.) Thereafter, on May 18, 1993, the plaintiff intervened pursuant to General Statutes, Secs. 22a-19 (a) and22a-19a on the ground that the application would be reasonably likely to unreasonably pollute, impair or destroy the public trust in the natural resources of the state and the Georgetown National Register Historic District. (ROR, Item 4.)
At meetings on May 18, 1993 (ROR, Item 5), June 1, 1993 (ROR, Item, 6), and June 15, 1993 (ROR, Item 7), the Conservation Commission discussed the application further and at the June 15, 1993, meeting the Conservation Commission voted unanimously to approve the application on the condition that the sediment and erosion control measures are properly installed and overseen. (ROR, Item 7.) The Conservation Commission did not state the reasons for its decision.
The plaintiff appeals from the Conservation Commission's decision granting the license to build the sewer collection system.
Jurisdiction
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created the right. Simko v. ZoningBoard of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). These provisions are mandatory and jurisdictional; failure to comply may subject the appeal to dismissal. Id. CT Page 7265
1. Aggrievement
General Statutes, Sec. 22a-43 (a) provides in pertinent part:
 [A]ny person aggrieved by any . . . decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the . . . municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order, decision or action . . . may . . . appeal to the superior court for the judicial district where the land . . . is located . . . .
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991).
The plaintiff argues that he has standing to raise environmental issues pursuant to General Statutes, Secs. 22a-19 (a) and 22a-19a. Additionally, the plaintiff argues that he is statutorily aggrieved pursuant to General Statutes, Sec. 22a-43 (a) because he has a beneficial interest in land which traverses the Norwalk River downstream from the site in question.
Section 22a-19 (a) provides in pertinent part:
 In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law . . . any person . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state.
Section 22a-19a states in pertinent part:
 The provisions of sections 22a-15 to 22a-19, inclusive, shall be applicable to the unreasonable destruction of historic structures and landmarks of the state, which shall be those properties (1) listed or under consideration for listing as individual units on the National Register of Historic Places (16 U.S.C. § 470a, as amended) or (2) which are a part of a district listed or under consideration for listing on said national register and which have been determined by the state historic preservation board to contribute to the historic significance of such district. CT Page 7266
The plaintiff intervened in the proceedings of the Conservation Commission by filing a "verified pleading" alleging "[s]uch application involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources . . . . [and] the Georgetown National Register Historic District." (ROR, Item 4.)
One who intervenes in an administrative proceeding pursuant to Sec. 22a-19(a) has "`statutory standing to appeal for the limited purpose of raising environmental issues.'" Red Hill Coalition, Inc.v. Town Plan Zoning Commission, 212 Conn. 727, 734, 563 A.2d 1339
(1989), quoting Mystic Marinelife Aquarium, Inc. v. Gill,175 Conn. 483, 490, 400 A.2d 726 (1978). The verified pleading "set[s] the parameters of the issues" which may be raised by the intervenor on appeal.
Mystic Marinelife Aquarium, Inc. v. Gill, supra, 490.
The plaintiff has met the requirements of General Statutes, Sec.22a-19 for intervening in this action. Therefore, the court finds that the plaintiff has standing under Sec. 22a-19 to appeal the Conservation Commission's decision for the limited purpose of raising issues concerning the subject permit's environmental impact on designated wetlands.
2. Timeliness
Any person aggrieved by a decision pursuant to sections 22a-36
to 22a-45, inclusive, by the municipality, "may, within the time specified in subsection (b) of section 8-8 from the publication of such . . . decision . . . appeal to the superior court for the judicial district where the land affected is located." General Statutes, Sec. 22a-43(a). An aggrieved party may take an appeal to the superior court within fifteen days from the date when notice of such decision was published in the newspaper. General Statutes, Sec. 8-8 (b). In the present case, notice of the Conservation Commission's decision was published in The Redding Pilot on June 24, 1993. (ROR, Item 10.) On July 9, 1993, the plaintiff commenced this appeal when the sheriff served process on the chairman of the Conservation Commission and the Redding town clerk. The court finds that the plaintiff's appeal is timely.
Scope of Judicial Review
"`Conclusions reached by the commission must be upheld by the CT Page 7267 trial court if they are reasonably supported by the record.'"DeBeradinis v. Zoning Commission, 228 Conn. 187, 198,635 A.2d 1220 (1994). The question is not whether the court would have reached the same conclusion, but whether the record supports the decision reached. Id.
When the commission has not provided the reasons for its decision, the court must search the record to find a basis for the action taken. A.P. W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182, 186, 355 A.2d 91 (1974). The action of the commission should be sustained if even one basis is sufficient to support it. See DeBeradinis v. Zoning Commission, supra, 199, citing Primerica v. Planning Zoning Commission,211 Conn. 85, 96, 558 A.2d 646 (1989). "`The evidence, however, to support any such reason must be substantial. . . ." DeBeradinisv. Zoning Commission, supra, 199, quoting Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 540, 525 A.2d 940 (1987).
A trial court may grant relief on appeal from an administrative agency only where the local authority's decision is "arbitrary, illegal or not reasonably supported by the evidence." Red Hill Coalition, Inc.v. Conservation Commission, 212 Conn. 710, 718, 563 A.2d 1339 (1989). The plaintiff has the burden of proof in challenging the administrative action. Id. Although raised in the complaint, issues which are not briefed are considered abandoned. State v. Ramsundar, 204 Conn. 4,16, 526 A.2d 1311 (1987); DeMilo v. West Haven, 189 Conn. 671,681-82 n. 8, 458 A.2d 362 (1983).
Claims of the Plaintiff
In his brief, the plaintiff argues that the Conservation Commission acted in an illegal, arbitrary manner and abused its discretion in several ways. First, the plaintiff argues that the Conservation Commission's decision is not reasonably supported by the record because the plans for the entire project are preliminary and the application did not contain detailed information that would enable the Conservation Commission to undertake a sufficient review of the project with regard to the pumping station, treatment system, and effluent discharge into the river.
A review of the record reveals evidence showing that the plans were not preliminary in nature because the application was limited to the sewer collection system. In his remarks to the Conservation Commission, David Crutcher, Chairman of the WPCC, explained that the license application was for installation of the collection system CT Page 7268 only, with the rest of the project left for the future. (ROR, Item 5, p. 2.) The Conservation Commission's engineering consultant stated: "[t]he plans submitted are just for the sewage collection pipes . . . . [t]he plans do not include the pumping station, treatment system, and effluent discharge to the river." (ROR, Item 11, p. 1.)
Therefore, the court finds that the plans were not preliminary in nature because the application for the present license was only for the sewer collection system.
Next, the plaintiff argues that the Conservation Commission never requires final and complete plans regarding regulated activities pursuant to the Inland Wetlands and Watercourses Regulations of the Town of Redding (Redding Regulations) Secs. 2.21(a), (b), and (d). The plaintiff argues further that there is no evidence in the record to justify allowing the WPCC to engage in regulated activities pursuant Secs. 2.21(b) and (d) of the Redding Regulations.
Section 2.21 states in pertinent part:
The following are also deemed regulated activities:
 a. The location of any portion of any subsurface waste disposal system, including any earth-disturbing activities reasonably associated therewith . . . within 150 feet of the mean water line and/or perimeter of all other watercourses and within 50 feet of all wetlands.
 b. The location of any portion of any structure, including any earth-disturbing activities reasonably associated therewith . . . within 50 feet of all other wetlands and watercourses . . . .
 d. Any activity, the likely effect of which will have a significant impact on the existing state of any of the wetlands and watercourses of the Town of Redding.
With regard to earth-disturbing activities, the record does reveal that James MacBroom, the town engineer, and the Conservation Commission expressed concern about soil erosion and sediment control in the trenching and pipe laying process. (ROR, Items 7 and 11.) Stearns and Wheler, the project engineers, then submitted to the Conservation Commission a detailed set of plans and specifications for erosion and sediment control. (ROR, Item 12, p. 1.) CT Page 7269
The record also reveals that one part of the proposed collection system is adjacent to Gilbert Bennett Brook, an existing watercourse. (ROR, Item 14.) Another branch of the proposed collection system runs perpendicular to and under a concrete culvert that carries the water course. (ROR, Items 12 and 14.) Furthermore, evidence in the record reveals that "the plans do not include the pumping station, treatment system, and effluent discharge to the river." (ROR, Item 11, p. 1.)
The record demonstrates that the Commission considered the impact of the regulated activities associated with the proposed sewer collection system. The record provides a basis for the Conservation Commission to conclude that the WPCC's regulated activities would not cause unreasonable pollution because of the location of the collection system and the limited scope of the application itself.
Public Hearing
The plaintiff also argues that the Conservation Commission had an obligation to hold a public hearing. The Conservation Commission argues that it was within its discretion to hold a public hearing.
General Statutes, Sec. 22a-42a(c) states in pertinent part: "No later than sixty-five days after the receipt of such application, the inland wetlands agency may hold a public hearing on such application." (Emphasis added.) The Redding Regulations provide that a public hearing shall be held regarding "[a]ny application which the Commission determines involves a significant activity (see Section 2.24) [or] . . . [w]henever the Commission receives a petition signed by at least twenty-five persons requesting such a Hearing . . . ." Redding Regulations, Sec. 5.1(a) and (b).
Therefore, it is within the Conservation Commission's discretion to determine whether a public hearing should be held because a significant activity is involved, unless the Conservation Commission receives a petition. In the present case, the record reveals that no petition was submitted to the Conservation Commission and it did not determine that a significant activity was involved.
The Conservation Commission's decision that the present application did not involve a significant activity is supported by the record because only two branches of the collection system involved a regulated activity (ROR, Items 12 and 14), and the Conservation Commission determined that there was not a likelihood of unreasonable pollution. (ROR, Item 7.) The scope of these regulated activities is CT Page 7270 narrow.
Therefore, the court finds that the record supports the Conservation Commission's decision not to hold a public hearing.
Alternatives
The plaintiff also argues that the Conservation Commission should have considered alternatives pursuant to General Statutes, Sec. 22a-41 and Redding Regulations, Sec. 7.7.
General Statutes, Sec. 22a-41 (b) states in pertinent part: "[I]n the case of an [inland wetlands] application which received a public hearing, a permit shall not be issued unless the commissioner finds that a feasible and prudent alternative does not exist." Samperi v.Inland Wetlands Agency, 226 Conn. 579, 580, 626 A.2d 862 (1993). Redding Regulations, Sec. 7.7 states in pertinent part: "In the case of any application which received a Public Hearing, a license shall not be issued unless the Commission finds that a feasible and prudent alternative does not exist."
In the present case, the Conservation Commission did not conduct a public hearing; therefore, it was not required to find an alternative pursuant to Sec. 22a-41 (b) and Redding Regulations, Sec. 7.7.
General Statutes, Sec. 22a-19 (b) states in pertinent part:
 In any administrative, licensing or other proceeding, the agency shall consider the alleged unreasonable pollution, impairment or destruction of the public trust in the air, water or other natural resources of the state and no conduct shall be authorized or approved which does, or is reasonably likely to, have such effect so long as, considering all relevant surrounding circumstances and factors, there is a feasible and prudent alternative consistent with the reasonable requirements of the public health, safety and welfare.
Under Sec. 22a-19 (b), the Conservation Commission need only make a determination as to alternatives if it finds that the activity proposed has, or is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying wetlands or watercourses. MysticMarinelife Aquarium, Inc. v. Gill, supra, 499; Connecticut Fundfor the Environment, Inc. v. Stamford, 192 Conn. 250-51.
In the present case, because the Conservation Commission did not CT Page 7271 determine that the installation of the collection system would be reasonably likely to unreasonably pollute wetlands (ROR, Item 7), it was not required to determine unreasonably pollute wetlands (ROR, Item 7), it was not required to determine whether a "feasible and prudent alternative" existed. Therefore, the Conservation Commission did not err by not considering alternatives.
Conflict of Interest and Prejudgment
The plaintiff argues that there was a conflict of interest because the chairman of the Conservation Commission, David Pattee, is also a member of the WPCC, the applicant. Thus, the plaintiff argues that Pattee should have disqualified himself, and that his participation in the hearings made the Conservation Commission's action illegal. The other component of the plaintiff's argument is that Pattee prejudged the application because of his dual membership. The plaintiff claims that "Chairman Pattee has acted on the WPCC in a manner favoring the transmission of the application to the Conservation Commission." (Plaintiff's brief p. 9.)
General Statutes, Sec. 22a-42 (c) states in pertinent part:
 No member or alternate member of such board or commission shall participate in the hearing or decision of such board or commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense.
(Emphasis added.)
"`The decision as to whether a particular interest is sufficient to disqualify is necessarily a factual one and depends on the circumstances of the particular case.'" Holt-Lock, Inc. v. Zoning Planning Commission, 161 Conn. 182, 189, 286 A.2d 299 (1971), quotingAnderson v. Zoning Commission, 157 Conn. 285, 291, 253 A.2d 16
(1968). In Holt-Lock, Inc. v. Zoning Planning Commission, supra, the court construed General Statutes, Sec. 8-11 which contains language similar to that of General Statutes, Sec. 22a-42 (c).
Conflicts usually result from a clash of public and private interests, not dual public interests:
 `Public office is a trust conferred by public authority for a public purpose . . . . His status forbids the public CT Page 7272 officer from placing himself in a position where his private interest conflicts with his public duty. . . . He must not be permitted to place himself in a position in which personal interest may conflict with his public duty.'
(Citations omitted.) Gaynor-Stafford Industries, Inc. v. WaterPollution Control Authority, 192 Conn. 638, 648, 474 A.2d 752 (1984).
The record fails to disclose any evidence that Pattee had a direct or indirect personal or financial interest in the application for the license for the sewer system. Additionally, the record reveals that at the meeting of the Conservation Commission on June 15, 1993, when the Conservation Commission voted unanimously to grant the license, Pattee was not present. (ROR, Item 21.) Pattee's dual public roles do not necessarily create a conflict of interest. Holt-Lock, Inc.v. Zoning Planning Commission, supra, 189-90.
Therefore, the court finds that the plaintiff has failed to meet his burden of showing that the Conservation Commission's decision was illegal because Pattee had a direct or indirect personal or financial interest in the WPCC's application. The plaintiff has failed to point to any evidence in the record that shows that Pattee prejudged the WPCC's application. Therefore, the court finds that the plaintiff has not met his burden of showing that Pattee should have disqualified himself from the Conservation Commission hearings.
Issues Not Briefed Are Deemed Abandoned
In his complaint the plaintiff alleges that the decision was tainted by the prejudicial and improper remarks of Henry Bielawa, the Redding First Selectman. The plaintiff also alleges that the legal notice published by the Conservation Commission was incomplete, inaccurate and misleading. Because these two arguments were not briefed, the court deems them abandoned. State v. Ramsundar, supra, 16; DeMilo v. West Haven, supra, 681-82 n. 8.
Conclusion
In conclusion, the record supports the Conservation Commission's approval of the WPCC's application for a license to construct the sewer collection system.
Accordingly, the plaintiff's appeal is dismissed. CT Page 7273
Riefberg, J.