**INDIANA STATE ETHICS COMMIS-
SION, Allen D. Royer, Appel-
lants/Cross–Appellees,**

v.

**Jack E. NELSON, State of Indiana, and
Indiana State Ethics Commission,
Appellees/Cross–Appellants.**

No. 32A01–9410–CV–335.

Court of Appeals of Indiana.

Oct. 24, 1995.

Rehearing Denied Jan. 23, 1996
and Jan. 24, 1996.

son and Royer had violated the regulation and fined them in an amount equal to the respective profit each had reaped in the subject transaction ($15,000.00 each). In addition, Nelson was reprimanded for using his secretary to notarize the deeds pertaining to the transaction. Royer was reprimanded for inspecting and approving his own land for the Indiana Classified Forest Program.

Nelson filed a petition for judicial review in the Hendricks Superior Court. The court reversed the Commission's decision, and the Commission appeals. Royer filed his petition for judicial review in the Putnam Circuit Court. The court affirmed the Commission's decision, and Royer appeals. The two appeals have been consolidated.

The Commission raises three issues in its appellant's brief, and Royer raises four. We consolidate the issues for analysis and uphold the Commission's orders in all respects. Therefore, we affirm the decision of the Putnam Circuit Court and reverse the decision of the Hendricks Superior Court.

## FACTS

The dispositive facts are not in dispute. Nelson is employed by the Indiana Department of Natural Resources as the regional supervisor of district foresters for the northern region of the state. In this capacity, Nelson supervises eight district foresters including Royer. Nelson is also responsible for administering the Indiana Classified Forest Program on a state-wide basis. The Forestry Division actively promotes the Classified Forest Program and works directly with landowners to assist them in obtaining the maximum in economic and other benefits from their forest land. In order for land to be accepted and retained in the Classified Forest Program, the district forester must inspect the land and reinspect the land every five years. The district forester points out any necessary improvements that must be made to the forest land. When land becomes designated in the Classified Forest Program, the landowner receives substantial benefits, including a favorable property tax break. Land in the program is taxed on an assessment of $1.00 per acre. Also, the District Forester is to provide technical assistance to

Richard W. Lorenz, Hickam and Hickam, Spencer, Pamela Carter, Attorney General of Indiana, Sabra A. Weliever, Deputy Attorney General, Indianapolis, for Appellants.

Richard A. Clem, Alden & Clem, Indianapolis, for Appellees.

## OPINION

ROBERTSON, Judge.

This is the first appellate decision regarding the judicial review of a decision and order of the Indiana State Ethics Commission. The Commission charged State Foresters Jack E. Nelson and Allen D. Royer with violations of a code of ethics regulation for buying and selling classified forest land under their authority. After a full administrative hearing, the Commission found that Nel-

the forest landowner in marking and marketing the timber. A District Forester has knowledge of timber price trends and can estimate the volume and value of timber. Royer had had experience working for a paper company estimating timber volume and was quite capable of estimating the value of timber and timber land.

In addition to (and in conjunction with) their employment as State Foresters, Nelson and Royer had for many years been engaged in the lucrative business of buying and selling Classified Forest Land and/or its timber. The set of transactions that gave rise to the present case pertains to Nelson's and Royer's purchase and sale of Classified Forest Land which had been owned by an ailing widow, Esther Lemm Logan.

By 1992, Royer had been monitoring Mrs. Logan's land for eleven years and was aware that she had timber on her property that was ready to be harvested and sold. On August 5, 1992, Royer and Nelson were working together in the field as State Foresters. While drinking coffee at Hardees, they decided to go to Mrs. Logan's property ostensibly for the purpose of conducting the five-year inspection. (The inspection was not due for another two years.) While walking the property, Royer and Nelson discussed purchasing Mrs. Logan's property and agreed that Royer would contact her to see if she would sell.

Within the next few months, Nelson and Royer 1) had purchased approximately 160 acres of Classified Forest Land from Mrs. Logan for $63,000.00, 2) had harvested about one-half of the marketable timber from the land, and 3) had sold the harvested timber for approximately $97,000.00. After deducting expenses of approximately $4,000.00, Nelson and Royer 1) had reaped approximately $30,000.00 in profit from Mrs. Logan's land, 2) still had almost one-half of the marketable timber left to harvest and sell, and 3) owned the 160 acres of land which remained in the Classified Forest Program (with the favorable tax treatment).

Additional facts are supplied as necessary.

## DECISION

 Under the Administrative Orders and Procedures Act [AOPA], I.C. 4–21.5–5–14 governs the judicial review of agency decisions and reads as follows:

(a) The burden of demonstrating the invalidity of agency action is on the party to the judicial review proceeding asserting invalidity.

\* \* \* \* \* \*

(d) The court shall grant relief [from the agency order] only if it determines that a person seeking judicial relief has been prejudiced by an agency action that is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(4) without observance of procedure required by law; or

(5) unsupported by substantial evidence.

Under the AOPA, the scope of a court's judicial review is limited to a consideration of (1) whether there is substantial evidence to support the agency's finding and order and (2) whether the action constitutes an abuse of discretion, is arbitrary, capricious, or in excess of statutory authority as revealed by the uncontradicted facts. *Indiana Department of Environmental Management v. Conard* (1993), Ind., 614 N.E.2d 916, 919. In reviewing an administrative decision, a court cannot try the facts de novo or substitute its own judgment for that of the agency. *Id.* The party challenging the administrative order bears the burden of showing that there are no substantial facts to support the agency's finding or that the action was arbitrary and capricious and outside the jurisdiction or authority of the agency. *Id.* The court on judicial review of an agency decision is governed by the presumption that the agency's decision is correct in view of its expertise. *Columbus Board of Zoning Appeals v. Wetherald* (1992), Ind.App., 605 N.E.2d 208, 211, *trans. denied.*

 The Department of Natural Resources is responsible for providing forestry assistance to private forest land owners for the purpose of providing for the better pro-

tection, management, development, and utilization of forest products, forests, and waste lands located in the state of Indiana. Ind. Code 14–5–3–2. State Foresters Nelson and Royer were charged with a violation of 40 Ind.Administrative Code [IAC] 2–1–8, which reads:

> A state employee must not engage in outside employment or other outside activity not compatible with the full and proper discharge of his public duties and responsibilities. The outside employment or other outside activity must not impair his independence of judgment as to his official responsibilities, pose a likelihood of conflict of interest or require him or persuade him to disclose confidential information acquired by him as a result of his official duties.

The principle that a public official may not use his official power to further his or her own interests has its origin in the common law. *Bullock v. Robison* (1911), 176 Ind. 198, 93 N.E. 998, 1001. The reason for the establishment of this principle is obvious: a person cannot serve two masters at the same time and the public interest should not be entrusted to an official who has a pecuniary, personal or private interest which is or may be in conflict with the public interest. *Anderson v. Zoning Commission of City of Norwalk* (1968), 157 Conn. 285, 253 A.2d 16, 19. A public official owes an undivided duty to the public whom she serves and may not place herself in a position which should subject her to the temptation of acting in any manner other than in the best interest of the public. *Id.* A public official may not place himself in a position where his private interest conflicts with his public duty. *Housing Authority of City of New Haven v. Dorsey* (1973), 164 Conn. 247, 320 A.2d 820, 822, *cert. denied,* 414 U.S. 1043, 94 S.Ct. 548, 38 L.Ed.2d 335. His good faith is of no moment because it is the policy of law to keep him so far from temptation as to insure the exercise of unselfish public interest. *Id.* Any enterprise undertaken by the public official which tends to weaken public confidence and undermine the sense of security for individual rights is against public policy. *Id.* The state has a substantial and compelling interest to restrict unethical practices of its employees and public officials not only for the internal integrity of the administration of government, but also for the purpose of maintaining public confidence in state and local government. *State v. Nipps* (1979), 66 Ohio App.2d 17, 419 N.E.2d 1128, 1132.

■ In the present case, Nelson and Royer, as State Foresters, owed a duty to both the general public and to the individual owners of forest land to provide forestry assistance to the owners of forest land to better protect, manage, develop, and utilize Indiana forests. I.C. 14–5–3–2. Obviously, the independence of a State Forester's judgment with respect to these official duties and responsibilities is impaired by his engagement in the lucrative business of buying and selling the forest lands and timber under his authority. Such State Foresters place themselves directly in an actual conflict of interest with the interests of the public in the proper management of Indiana forest land as well as the owners of the forest lands the foresters are charged to serve. The potential and temptation for the abuse of power and the unresponsible exploitation of forest lands is manifest. Clearly, a State Forester's engagement in the lucrative business of buying and selling forest land and products is incompatible with the duties and responsibilities of a State Forester.

Our analysis is complete. The largely undisputed facts demonstrate overwhelmingly that Nelson and Royer violated 40 IAC 2–1–8 by purchasing Classified Forest Land from Mrs. Logan and turning a quick profit on it. The Commission's determination is not arbitrary or capricious or otherwise violative of law.

■ The Commission is authorized to impose a civil penalty of up to three times the value of any benefit received from a violation of the ethics code. Ind.Code 4–2–6–12. The evidence overwhelmingly demonstrated that Nelson and Royer reaped well in excess of $30,000.00 in profits from the buying and selling of Mrs. Logan's forests and timber. Therefore, the Commission was well within its authority to fine Nelson and Royer in the amount of $15,000.00 each.

■ Royer argues that the Commission's findings inappropriately list a large number

1176

of uncharged transactions that he had consummated before the effective date of 40 IAC 2-1-8. However, the findings with respect to these transactions are mere surplusage and add nothing to the Commission's decision. Therefore, these findings do not warrant reversal. *See Donavan v. Ivy Knoll Apartments Partnership* (1989), Ind.App., 537 N.E.2d 47, 52; Ind.Trial Rule 61.

Royer argues that 40 IAC 2-1-8 does not specifically prohibit State Foresters from engaging in the business of buying and selling Classified Forest Land. Royer asserts that the quasi-penal regulation with which he was charged is unconstitutionally vague/overbroad because it did not place him on notice of what was prohibited. We disagree.

■ Administrative decisions must be based upon ascertainable standards to ensure that agency action will be orderly and consistent. *Midwest Steel Erection Co., Inc. v. Commissioner of Labor* (1985), Ind.App., 482 N.E.2d 1369, 1371, *trans. denied.* The test to be applied in determining whether an administrative agency regulation can withstand a challenge for vagueness is whether it is so indefinite that persons of common intelligence must necessarily guess at its meaning and differ as to its application. *Id.* If the violation of an administrative regulation subjects private parties to criminal or civil sanctions, the regulation cannot be construed to mean what an agency intended but did not adequately express. *Id.*

■ We have no hesitation in concluding that 40 IAC 2-1-8, which expressly prohibits state employees from engaging in outside activities which place them in a conflict of interest with their official duties and responsibilities, is sufficiently clear to place State Foresters on notice that engaging in the lucrative business of buying and selling Classified Forest Land under their authority is prohibited. Therefore, we hold the regulation to be constitutional and find no error.

■ In addition to the sanction discussed above, the Commission ordered that Nelson be reprimanded for his having used his secretary to notarize the deeds pertaining to the Logan real estate transactions. Nelson admits that his secretary notarized the deeds in question, once having gone all the way to Mrs. Logan's home to notarize a deed.

State officers and employees are prohibited from using state personnel for any purpose other than for official state business. 40 IAC 2-1-9(f). Nelson's use of a state employee to perform a service related to his outside business activities constitutes a violation of 40 IAC 2-1-9(f). Therefore, the Hendricks Superior Court's reversal of the Commission's determination in this matter was erroneous.

CONCLUSION

The Commission's determinations and orders were supported by overwhelming evidence and were not an abuse of discretion, arbitrary, capricious or otherwise legally defective. Therefore, we uphold the Commission's actions in all respects.

Accordingly, the decision of the Putnam Circuit Court which affirmed the decision of the Commission is affirmed. The decision of the Hendricks Superior Court, which reversed the decision of the Commission, is reversed; and we remand to that court with instructions to reinstate the Commission's decision.

NAJAM and KIRSCH, JJ., concur.